## Craven *v.* Pittsburgh Railways Co., Appellant.

*Negligence—Street railways—Contributory negligence—Case for jury.*

In an action to recover damages for personal injuries sustained by plaintiff, a street cleaner, in consequence of a collision between the cart which plaintiff was pushing and a trolley car, the questions of defendant's negligence and plaintiff's contributory negligence are for the jury, where it appeared that plaintiff, while pushing the cart upon a public street in the course of his work, turned it upon the street railway tracks to avoid a horse and wagon and that while he was attempting to push the cart back to the driveway it was struck by the street car; that the day was clear; that the motorman's view was not obstructed, unless by vehicles, for a distance of 400 feet; and where the evidence was conflicting as to the rate of speed of the car, the distance traveled by it before it stopped after the accident and the obstructions to the motorman's view, if any; and where plaintiff testified that he looked before going upon defendant's tracks, and saw the car at a distance, and that when he saw the car again it was six feet away and he attempted to escape, but the car bore down upon him without warning and without a proper lookout on the part of the motorman.

Argued Oct. 31, 1913. Appeal, No. 111, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., Feb. T., 1911, No. 578, on verdict for plaintiff in case of

Barney Craven v. Pittsburgh Railways Company.  Before FELL, C. J., BROWN, POTTER, ELKIN. and MOSCH-ZISKER, JJ.  Affirmed.


Trespass to recover damages for personal injuries. Before FORD, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,500 and judgment thereon. Defendant appealed.


*Errors assigned* were in refusing to direct a verdict for defendant and to enter judgment for defendant n. o. v.


*Craig Smith,* with him *Clarence Burleigh,* and *William A. Challener,* for appellant.


*Rody P. Marshall,* with him *Thomas M. Marshall,* and *R. A. Hitchens,* for appellee.


OPINION BY MR. JUSTICE MOSCHZISKER, January 19, 1914:

In the court below, judgment was entered upon a verdict for the plaintiff, to compensate him for personal injuries; the defendant has appealed and contends that the evidence failed to prove negligence on its part and showed the plaintiff guilty of contributory negligence.

The circumstances surrounding the accident and the trial judge's views on the applicable rules of law appear in the following excerpts from his opinion refusing to set aside the verdict: "The place at which the plaintiff was injured was Monongahela avenue, a public highway about sixty feet wide in the Borough of Glassport. Upon the avenue the company operates a double-track electric railway.  The accident happened at between 8 and 9 a. m. on October 19, 1910, the day was clear and the view of the street for a considerable distance east and west unobstructed.  Plaintiff,......with two other

borough employees,......was engaged in cleaning the avenue.  In their work they used a cart in which they deposited the dirt and refuse gathered from the highways.  Having filled the cart, the plaintiff and Mr. Frayer began pushing it from the vicinity of Fifth street longitudinally along Monongahela avenue to the dump on Third street.  When they had proceeded about seventy-five feet from Fifth street, traveling in the driveway to the left of the outbound street car track, they came to a horse and wagon standing on the driveway.  To pass the horse and wagon they turned out far enough so that one wheel was inside of the street car track and one wheel on the driveway, thus straddling the outside rail of the outbound track.  In this manner, the cart astride of the rail, they proceeded until, the horse and wagon being passed, they attempted to turn the cart back into the driveway, but before the cart had cleared the track it was struck by a car approaching on the outbound track, and the plaintiff was injured......The plaintiff testified that as the cart reached the horse and wagon, he stopped, looked and saw the car approaching on the outbound track; that the car was then near Fourth street, a distance of 500 feet; that having passed the horse and wagon, he attempted to turn the cart into the driveway, the wheel of the cart caught on the rail, started to slide and slid about six or eight feet; that he saw the car when about six feet from the cart but before he had time to reach a place of safety the collision occurred; that the cart when full weighed from 800 to 1,000 pounds, and in pushing the cart he grasped the handle at the rear with one hand and with the other pressed against the body of the cart......·(demonstrating how it was done).  It was not controverted that at the place of the accident the avenue was straight and the view unobstructed, unless by vehicles, for a distance of 400 feet and upwards.  (The motorman admitted that he was late and that he had nothing with which to control his car other than a hand-brake.)  Clearly the con-

flicting evidence as to the rate of speed, the distance traveled by the car before it stopped after the accident, and the obstructions to the motorman's view, if any, rendered it necessary to refer the case to the jury to ascertain whether the accident was caused by the negligence of the defendant......If the testimony of the plaintiff is believed, he looked before turning the cart on the track. It is, however, claimed by the defendant that the plaintiff was negligent in not again looking while proceeding on the outbound track when he knew a car was approaching on the same track. This, we think, was a question for the jury as to whether the plaintiff exercised that degree of care which an ordinarily prudent man would exercise under the circumstances. The propriety of his conduct depended upon the duty he was performing, the character of the load he was pushing, the space to be traversed, the speed of the car, and the surrounding circumstances......"

The foregoing is a correct statement of the facts, and we agree with the learned court below that the issues arising therefrom could not have been ruled as matters of law. While the defendant presented evidence to show that a wagon in the track obstructed the motorman's view, and concerning the speed of the car and other relevant points, which, if believed, might have sustained a verdict in its favor, yet, the proofs were conflicting and the inferences not always certain; hence, the case was for the jury, and since the plaintiff secured the verdict, the testimony must be viewed in the light most favorable to him. If we so consider the evidence, the motorman must or should have seen the two men pushing an apparently heavy load upon the track when he was about 500 feet away and, had his car been under proper control, by due care, as defined in Schnur v. Citizens' Traction Co., 153 Pa. 29, he should have avoided the accident; at least the jury could justifiably so have found. But the appellant insists that the contributory negligence of the plaintiff was apparent. As

to this, the proofs are sufficient to justify the belief that the car was on the other side of Fourth street when the plaintiff and his companion first saw it; that the plaintiff decided they could safely encroach upon the track and take their cart twenty-five feet before the car traversed the intervening 500 feet (See Hamilton v. Traction Company, 201 Pa. 351, 354, in reference to one's right to act on such an assumption); that the plaintiff's attention was riveted upon getting the heavily loaded cart off the track, when the car bore down upon him at undue speed without warning and without a proper lookout on the part of the motorman (See Davidson v. Traction Co., 4 Pa. Superior Ct. 86, 89); that it was natural and proper for the plaintiff to be on the side of the street upon which he was hurt, because he had been working there and the dump he was going to was situated on that side, and in addition, several wagons were standing in the roadway on the opposite side of the street. All of which tended to make the question of his duty under the circumstances a matter for the jury. It is to be remembered that the plaintiff was not an ordinary pedestrian with no care other than his own safety; on the contrary, he was a street cleaner engaged upon his work, and this fact could be taken into consideration in measuring his alleged negligence. (35 Cyc. 1530.) After reading all the testimony, we are not convinced that the evidence was insufficient to sustain the verdict.

The assignments of error are overruled and the judgment is affirmed.