# Van Zandt, Appellant, v. Philadelphia, Baltimore & Washington Railroad Co.

*Negligence — Railroads — Workmen on or about tracks — Contributory negligence—Case for jury.*

1. The rights and duties of a person lawfully engaged on or near a railroad track are essentially different from those of a person about to cross such tracks at a public crossing. The law does not impose upon a person so employed the duty of taking the precautions which are required of the public using a crossing,

and does not require him to be constantly looking out for an ·approaching train. His duty is to keep a reasonable lookout for trains, and to exercise care commensurate with the danger and consistent with the faithful performance of his services.

2. In an action against a railroad company to recover damages for personal injuries where it appeared that the plaintiff was an employee of an independent contractor engaged in work about the piers of a railroad bridge, in a place of danger from passing trains, and was struck ·by a train which approached without warning, that the presence of the plaintiff at the place of the accident was known to defendant's engineers, and plaintiff relied on them to warn him by signal of the approach of trains, the question whether plaintiff kept a reasonable lookout for trains and whether he was in the proper discharge of the duties of his employment at the time of the accident were for the jury, and the court erred in entering .judgment for defendant n. o. v.

3. In such case the question whether plaintiff should have familiarized himself from the schedule with the time at which each passenger train would pass the place of the accident, was for the jury.

Argued Jan. 14, 1915. Appeal, No. 320, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., Sept. T., 1913, No. 1249, for defendant n. o. v., in case of Charles A. Van Zandt v. The Philadelphia, Baltimore and Washington Railroad Company. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before AUDENREID, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,000. The court subsequently entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*William W. Smithers,* for appellant.—The proposition of the lower court that plaintiff's position was analogous to that of a person passing over railroad tracks at a pub

lic crossing is not sustainable: Reed v. Pitts., Cincinnati, Chicago & St. Louis Ry. Co., 243 Pa. 562; Owens v. Peoples Passenger Ry., 155 Pa. 334; Ominger v. N. Y. Central & Hudson River R. R. Co., 4 Hun. (N. Y.) 159; Wells v. Brooklyn Heights R. R. Co., 67 N. Y. (App. Div.) 212; Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co. v. Lightheiser, 168 Ind. 438 (78 N. E. Repr. 1033); Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co. v. Rogers, 87 N. E. Repr. 28; Goodfellow v. Boston, Hartford & Erie R. R. Co., 106 Mass. 461; Cornell v. Great Northern Ry. Co., 112 Minn. 341 (128 N. W. Repr. 22); Missouri Pacific Ry. Co. v. Bentley, 78 Kan. 221 (93 Pac. Repr. 150); Smith v. Southern Pacific Co., 58 Ore. 22 (113 Pac. Repr. 41); Crowley v. Burlington, Cedar Rapids & Northern Ry. Co., 65 Iowa 658 (20 N. W. Repr. 467); Hasie v. Railroad Co., 78 Miss. 61 (28 So. Repr. 941); Christman v. Philadelphia & Reading R. R. Co., 141 Pa. 604; O'Malley v. Scranton Trac. Co., 191 Pa. 410.

The question of plaintiff's contributory negligence was for the jury.

*Edwin J. Sellers,* of *Sellers & Rhoads,* for appellee.— The plaintiff was guilty of contributory negligence per se: Blight v. Camden & Atlantic R. R. Co., 143 Pa. 10; Lees v. Philadelphia & Reading R. R. Co., 154 Pa. 46; Hess v. Williamsport & North Branch R. R. Co., 181 Pa. 492; Knox v. Philadelphia & Reading Ry. Co., 202 Pa. 504; Ellis v. Penna. R. R. Co., 216 Pa. 415; Walsh v. Penna. R. R. Co., 222 Pa. 162; Hamilton v. Central R. R. of N. J., 227 Pa. 137; Keiser v. Lehigh Valley R. R. Co., 212 Pa. 409; Myers v. Edison Electric Illuminating Co., 225 Pa. 387.

OPINION BY MR. JUSTICE MESTREZAT, March 1, 1915:

This is an action for personal injuries. The verdict was for the plaintiff, which was set aside, and judgment

was entered for the defendant company. The plaintiff has appealed.

The defendant let to the American Paving and Construction Company a contract for the erection of a concrete bridge over its tracks at Seventy-Second street in the City of Philadelphia. The plaintiff is a carpenter and when he was injured was in the service of the defendant's contractor. He was engaged with two fellow-workmen in taking down and replacing the wooden forms for the concrete work of which the piers of the bridge were being constructed. His duties were to prepare the braces used in holding the forms in place. He was struck on the left shoulder by a train on the northbound track as he stood by the side of the track sawing out the braces. The collision threw the plaintiff to the ground, rendered him unconscious, and injured him severely. The plaintiff and his two fellow-workmen were required to perform their work in the space between the defendant's tracks and the bridge pier. At the time he was injured, the plaintiff had been working off and on five or six months at the place where the accident occurred.

The negligence alleged by the plaintiff as the basis of his action was the failure of the defendant to give warning or notice of the approach of the train which struck and injured him. The court submitted to the jury to determine the negligence of the defendant, as well as the contributory negligence of the plaintiff. The jury's finding was with the plaintiff on both propositions. The learned judge entered judgment for the defendant on the ground that the plaintiff was guilty of contributory negligence. He held that the defendant's duty to the plaintiff was of no higher degree than its duty to one endeavoring to pass over its tracks at a public crossing, and that the plaintiff was held to the same measure of care for his safety as such person would be. In his opinion entering judgment for the defendant, the learned judge said: "It is clear that the plaintiff's injuries were caused by his

want of care in exposing himself to a manifest danger and in failing, after having placed himself in harm's way, to take the slightest precaution to avoid it; and he, therefore, has no right to a recovery against the defendant whether the engineer of the train that struck him was guilty of negligence or not."

The learned court was in error as to the law applicable to the case and, also in his view of the facts disclosed by the evidence on the trial of the cause.

It is settled in this jurisdiction at least that the rights and duties of a person lawfully engaged on and near a railroad track are essentially different from those of a person about to cross such track at a public crossing. The two situations are entirely different. A person about to pass over the tracks of a railroad at a public crossing is required to stop, look and listen for an approaching train. He must continue to look and listen until he has passed entirely beyond the tracks. His duty does not require him to stop on or so near the track that he may be struck by a passing train, and he must recognize that his only right there is one of passage, and any unnecessary delay in or near the tracks resulting in his injury will convict him of negligence which will defeat a recovery against the defendant company. The railroad company has the right to a clear track even at a public crossing, except the necessary time required by the traveler to pass over the crossing when he has, exercising proper care, ascertained that no train is approaching His only duty at the crossing, therefore, is actively watching and avoiding a collision with a passing train. The duty of the railroad company is to operate its trains at a public crossing with a due regard to the rights of the traveler, and such duty requires the persons operating the train to give proper notice or warning of its approach to the crossing in anticipation that a traveler may be intending to pass the crossing. The same rules of conduct, however, cannot be applied to a railroad company and one employed on or along its tracks. The

rights and duties of both the company and the person employed are essentially different. The workman is engaged to perform his service on or along the tracks. His presence there is necessary in the discharge of his duties. Trains may be passing every few minutes or even seconds and his safety requires that he avoid a collision. It is apparent, therefore, that if he is to be constantly looking out for an approaching train he cannot perform the service for which he is employed. Such a duty is entirely inconsistent with the performance of his duty toward his employer. Such attention to passing trains running as frequently as suggested would defeat the very object for which the workman was employed. It is, therefore, unreasonable and hence not expected, and necessarily the law does not require it. What is required of the workman is that he exercise care for his safety according to the circumstances. He knows he is occupying a place of great danger and his care must be commensurate with that danger. He is equally cognizant of the fact that he must perform faithfully the services required of him. Both obligations are resting upon him, and each must be met with a due regard to the other. Such is his position, and it is apparent that it is entirely different from that of the traveler who is about to pass over the tracks of a railroad at a public crossing. On the other hand, the railroad company owes the duty to the workman to recognize that it has directly or indirectly employed him to perform the service on or near its tracks and the danger necessarily incident to the service, and that, therefore, it must be vigilant in securing his safety. It is fully aware, not that he may be in the place of danger like the traveler at the crossing, but that his duty requires him to be and he is actually present at the place of danger when its train is passing. It also knows that the faithful performance of his duties prevents his constant watchfulness of approaching trains and hence the imperative neccessity for a signal or notice sufficiently

adequate and timely that by the exercise of due care on his part he may escape a collision. These are the relative rights and duties of a railroad company and those engaged directly or indirectly by it to perform a service on or along its tracks.

The distinction between the rights and duties of persons lawfully engaged on or about railroad tracks and the rights and duties of persons passing over the tracks at a public crossing is recognized and enforced 'in many adjudicated cases. In Ominger v. N. Y. Cent. & Hudson River R. R. Co., 4 Hun. (N. Y.) 159, the plaintiff was an employee of a contractor who had a contract with the railroad company to certain work on its road. While engaged at his work he was injured by a passing train. Holding that a nonsuit was erroneously entered, the court said, inter alia: "It is hardly possible to apply this rule (as to travelers about to cross a track), in its strictness, to a workman engaged on the track. The traveler looks once and crosses; the workman remains. If it is the workman's duty as a matter of law to look in both directions he must do this as often as possible for a train to come in sight. Such an obligation would be inconsistent with his proper attention to his work. I do not think, therefore, that the rule which has been applied to travelers crossing the track is applicable to workmen whose employment requires them to remain on or about it." In Wells v. Brooklyn Heights R. Co., 67 N. Y. (App. Div.) 212, the court held that the plaintiff's contributory negligence in such a case was for the jury, and said: "His obligation, if he were a workman then and there properly at work, was not that of a traveler about to cross a track." This principle is discussed and applied not only in our own jurisdiction but in decisions in a great number of other jurisdictions. In Owens v. Peoples Passenger Ry., 155 Pa. 334, an employee of the city was laying water pipe under defendant's tracks, and while so engaged was struck by one of defendant's cars which approached without proper warn-

ing. We held that the plaintiff's negligence was for the jury, and said: "The cases which are descriptive of the rights and duties of persons in crossing steam or street railways are not applicable to the situation presented by the evidence in this case." The principle has also been recognized in Christman v. Philadelphia & Reading Co., 141 Pa. 604; O'Malley v. Scranton Trac. Co., 191 Pa. 410; and Reed v. Pitts., Cincinnati, Chicago & St. Louis Ry. Co., 243 Pa. 562.

The application of the wrong principle of law by the learned court led it astray as to the conclusion on the facts. Applying the proper rule as to the rights and duties of the respective parties to this litigation, the plaintiff's negligence was clearly for the jury. The learned court in a clear and comprehensive charge submitted the question to the jury and they found that the plaintiff had observed the care required of him under the circumstances and was not guilty of negligence. He was not a trespasser nor a licensee on the defendant's property. His work required his presence at the point where he was injured and he necessarily had a right to be there. He was not, as the learned court seemed to think, remiss in not informing himself exactly of the scheduled time for the arrival of the train at the place of the accident. The accident occurred in West Philadelphia and on the defendant's road running south. It goes without saying that many and frequent trains, passenger and freight, are run upon the road. The defendant's fireman testified that the freight trains did not run on schedule time. It was certainly a question for the jury to say whether it could be reasonably expected that the plaintiff should have familiarized himself from the schedule with the time at which each passenger train would pass the place of the accident. Had he done so he would still have been endangered by special or late trains or freight trains having no scheduled time. It is also suggested by the learned court that neither the plaintiff nor his fellow-workmen had given

any intimation to the defendant company that they were about to do this work. No such notice was necessary. The defendant was erecting this bridge by its contractor who was the employer of the plaintiff. It not only knew that the work had been in progress for five or six months prior to the accident, but its employees operating its trains knew the fact from actual observation. The engineer of the train which caused the accident knew before it occurred that the men were working there and saw them near the track as his train approached the place of the accident. It is apparent that the plaintiff was not at fault in not giving notice to the defendant of what it and its employees already knew.

We have examined the testimony with care, and can see no such dereliction of duty on the part of the plaintiff as to justify the court in declaring him guilty of negligence as a matter of law. It appears by the evidence that the workmen engaged at the place of the accident depended on a signal to warn them of approaching trains, that the plaintiff also watched for trains, and that on this occasion he "looked down the track to see if there was any train approaching." The three workmen testified that no signal by bell or whistle was given of the approach of the train which struck the plaintiff. Obviously he was too near the track when the train was passing or he would not have been struck. If he knew of the approach of the train in time to escape the collision, it was negligence in his failing to do so. It was also his duty to keep a reasonable lookout for trains. He was in the proper discharge of the duties of his employment at the time he was hit by the train, and whether the collision was caused solely by the negligence of the defendant, as the jury found, was a question of fact to be determined by the tribunal established by the law for that purpose.

The assignment of error is sustained, the judgment is reversed, and the court below is directed to enter judgment on the verdict in favor of the plaintiff and against the defendant.