# Cecola *v.* 44 Cigar Company, Appellant.

*Negligence—Automobiles — Pedestrian — Workman in street— Collision—Case for jury.*

1. The fact that a person injured in a collision with an automobile was not an ordinary pedestrian with no other care than for his own safety but was a workman engaged in his work on the street should be taken into consideration in measuring his alleged negligence.

2. In an action by a workman engaged upon a city street to recover damages for injuries sustained in consequence of being struck by defendant's automobile, the questions of defendant's negligence and plaintiff's contributory negligence are for the jury and a verdict for the plaintiff will be sustained where it appears that plaintiff had stooped down to pick up a Belgian block, that he looked just before he stooped and saw nothing coming, that he was struck immediately after picking up the block, there being evidence that the driver of the car gave no warning of its approach.

Argued April 20, 1916. Appeal, No. 405, Jan. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1914, No. 2314, on verdict for plaintiff, in case of Filippo Cecola v. 44 Cigar Company, a Corporation. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

624        CECOLA *v.* 44 CIGAR CO., Appellant.

Trespass to recover damages for personal injuries. Before STAPLES, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,000.00 and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*Robert P. Shick,* with him *Winfield W. Crawford,* for appellant.

*Harry S. Ambler, Jr.,* with him *Frank R. Ambler,* for appellee.

PER CURIAM, May 15, 1916:

The plaintiff below, while at work on one of the streets of the City of Philadelphia, as a repairman of the Philadelphia Rapid Transit Company, was struck by an automobile of the defendant company, and, for the injuries which he sustained, he brought this action. He was struck just after he had picked up a Belgian block to carry it over to a hole in the street. His testimony was that just before he stooped down for the block he had looked and had seen nothing coming towards him. Several witnesses called by him testified that the driver of the automobile had given no warning of its approach. Under this testimony the negligence of the defendant, and the contributory negligence of the plaintiff were for the jury. He was not an ordinary pedestrian, with no other care than his own safety; on the contrary he was at his work on the street, and this fact could be taken into consideration in measuring his alleged negligence: Craven v. Pittsburgh Rys. Co., 243 Pa. 619. We have not been convinced that any of the assignments of error call for a retrial of the case.

Judgment affirmed,