# Bardis, Appellant, *v.* Philadelphia & Reading Ry.

*Negligence—Railroads—Shifting cars—Anticipating negligence by others—Contributory negligence—Obvious danger.*

1. Where plaintiff, engaged by an industrial plant in moving coal from between two tracks (one a sidetrack or spur from the other track, in a train yard), assumed a position of danger near the main track, not necessary for him to take, and the engine of defendant (a railroad company) shifting cars on the main track, struck plaintiff, injuring him, his contributory negligence will prevent a recovery for his injuries.

2. Defendant cannot be charged with negligence because it gave no warning by light, signal or flagging of the cars which it was moving on the tracks of plaintiff's employer, inasmuch as the tracks on which the injury occurred were not being used by plaintiff or the workmen assisting him.

3. There is no duty on trainmen to be observant where they do not know of, or are not required to anticipate, the presence of workmen or others on the tracks; and they are not required to be observant as to persons who may occasionally move around over a train yard; though they may be required to know where workmen are engaged about or on the tracks. They were not required to anticipate negligence on part of plaintiff.

4. A jury cannot be permitted to find anything negligent which is less than the failure to discharge a legal duty.

Argued January 13, 1920. Appeal, No. 168, Jan. T., 1920, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1917, No. 2869, on verdict for defendant, in case of John Bardis to the use of Midvale Steel & Ordnance Company and John Bardis v. Philadelphia & Reading Railway Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WESSEL, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

The trial judge gave binding instructions for defendant. Plaintiff appealed.

*Error assigned* was, inter alia, instructions for defendant.

*John J. McDevitt, Jr.,* with him *Harry A. Gorson,* for appellants.—Defendant owed plaintiff a duty and it was violated: Noll v. P. & R. R., 163 Pa. 504; Christman v. P. & R. R. R., 141 Pa. 604; Ownes v. Peoples Pass. R. R., 155 Pa. 334; Spisak v. B. & O. R. R., 152 Pa. 281; Vannatta v. Cent. R. of N. J., 154 Pa. 262; Keck v. P. & R. R. R., 206 Pa. 501; Engle v. P. R. R., 234 Pa. 305; Hunt v. P. & R. R., 224 Pa. 604; Magnuson v. P. R. R., 242 Pa. 422; Diehl v. L. V. R. R., 254 Pa. 404.

Plaintiff was not guilty of contributory negligence: Shields v. P. R. T. Co., 261 Pa. 422; Cronmuller v. Evening Telegraph, 232 Pa. 14; Werst v. Lehigh Val. R. R., 190 Pa. 482; Reed v. P., C., C. & St. L. Ry., 243 Pa. 562; Van Zandt v. P., B. & W. R. R., 248 Pa. 276; Glunt v. P. R. R., 249 Pa. 522.

*Wm. Clarke Mason,* for appellee, cited: Stoker v. P. & R. Ry., 254 Pa. 494; Sweatman v. Penna. R. R., 264 Pa. 286.

OPINION BY MR. JUSTICE KEPHART, March 22, 1920:

If we assume defendant was negligent, there is not the shadow of a doubt but that plaintiff was likewise negligent. The evidence shows plaintiff was assisting, with six others, in moving a carload of coal from between two tracks of the Midvale Steel & Ordnance Company into the gas plant of that company. As relating to the accident: Track No. 1 was a short sidetrack or spur from track No. 2. The coal from a car on track No. 1 was piled between these tracks, shoveled into wheelbarrows and hauled up an incline into the gas plant. The place where the men worked was lighted, sufficiently for their

work, from the plant and yard lights. There was a space of fifteen feet between the two tracks, and track No. 2 was clear for train movements. No part of plaintiff's work required him to be on that track, there was no path across the track, nor was there anything to indicate to a train crew it was being used. Plaintiff was standing alongside of another workman who was just north of him, with plaintiff's back to track No. 2 and within from four to ten inches of its nearest rail. While plaintiff was in the act of stooping, an engine of defendant shifted three or four cars on track 2, the overhang struck plaintiff, throwing him to the ground and causing the injuries complained of. When the train stopped, the car that struck plaintiff was immediately over him; it had moved some three or four feet after striking him. The engine gave no signal, the foreman gave no warning, and we may assume they were necessary under the circumstances. Plaintiff was not engaged in work upon the track, nor close to it, nor was he doing anything that necessitated his close attention to the track. There was no necessity for him to assume the position that he did; his mind was not so absorbed that he could not properly take care of himself, or look where he was going or where he was standing. There was ample space in which to work and be clear of all tracks, but he chose to stand in a place of known and obvious danger. Even then he could have looked and listened and could either have seen or heard the car approaching. In any event, it would have taken but the fraction of a second to have stepped out of its road; the cars were coming so slowly they stopped within four feet of the place of the accident. In thus assuming a place of danger he is presumed to know the consequences of his act. By the simple movement of his head, or the slightest attention to the circumstances surrounding him, he would have been warned to move. There can be no escape from the conclusion that he was guilty of contributory negligence: Keller v. Phila. & R. Ry. Co., 214 Pa. 82; Sweatman v. Penna. R.

R. Co., 264 Pa. 286; Barrage v. P. & R. Ry., 60 Pa. Superior Ct. 66.

There is nothing in the case, however, to charge defendant with negligence. It was moving from place to place, on the tracks of the Midvale Company, cars of this latter company. The uses of the tracks in a manufacturing establishment are various and complicated, and, as each track is liable to a certain amount of use, they may all be considered dangerous. To require that over each foot of track a train crew should be obliged to flag its way by a man walking in front of the engine or cars would so retard the work of these establishments as to make the use of their tracks burdensome, if not prohibitive. But the track at this point was not used by workmen. There is no duty on trainmen to be observant where they do not know of, or are not required to anticipate, the presence of workmen or others on the tracks; and they are not required to be observant as to persons who may occasionally move around over the yard; though they may be required to know where workmen are engaged about or on the tracks, as in Van Zandt v. Phila., B. & W. R. R., 248 Pa. 276. They did not know, nor were they required to anticipate, plaintiff would carelessly place himself in the path of the moving train. Defendant owed him no duty, and the attempt to imply one, because an engine passed the men at work between the tracks sometime before, wholly fails, for it is not identified as the one connected with the shifting crew. Nor does it appear that any part of the work took place on track No. 2. No warning, by light or signal, of the cars' approach, was necessary. A jury cannot be permitted to find anything negligent which is less than the failure to discharge a legal duty: Cunningham v. Phila. & R. Ry. Co., 249 Pa. 134, 137. On either ground, the court below was right in directing a verdict for defendant.

The judgment is affirmed.