# Peters, Appellant, *v.* Schroeder et al.

*Negligence — Automobiles — Workman constructing roadbed of highway—Contributory negligence—Care — Degree of — Case for jury.*

1. Where a workman employed by a contractor in constructing the bed of a highway, is struck and injured by a motor truck of a

subcontractor delivering materials, the questions of the driver's negligence, and the workman's contributory negligence, are for the jury, where it appears that the driver backed down a decline, that he directed the car not from the driver's seat but while standing on the running board with one foot inside the car, that the car suddenly swerved from its proper course and struck plaintiff while he was working in his proper place on the side of the road, where he would have been safe if the truck had not suddenly deviated.

2. In such case, the duty of a workman is to exercise care for his own safety according to the circumstances and the work he is required to do.

3. The degree of care required of him is different from that of the traveller, whose whole attention is directed toward protecting his own safety.

Argued May 9, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 55, Jan. T., 1927, by plaintiff, from order of C. P. Erie Co., Feb. T., 1925, No. 371, refusing to take off nonsuit, in case of Alfred B. Peters v. Max L. Schroeder et al., individually and as copartners doing business as United Motors Transport Company and the United Motors Transport Company, a partnership. Reversed.

Trespass for personal injuries. Before ROSSITER, P. J. The opinion of the Supreme Court states the facts. Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was order, quoting record.

*H. E. McCamey,* of *Dickie, Kier & McCamey,* with him *Harold F. Mook,* of *Mook & Randall* and *George M. Mason,* for appellant.—The case was for the jury: Simons v. Ry., 254 Pa. 507; Jester v. Ry., 267 Pa. 10; Derrick v. Electric Co., 268 Pa. 136; Rankin v. Ward Baking Co., 272 Pa. 108; Robb v. Cab Co., 283 Pa. 454;

Maharius v. Morris & Co., 272 Pa. 587; Reisinger v. McConnell, 265 Pa. 565.

It was error to hold plaintiff guilty of contributory negligence as matter of law. That question was for the jury: Van Zandt v. R. R., 248 Pa. 276; Craig v. Mfg. Co., 272 Pa. 219; Craven v. Rys., 243 Pa. 619; Cecola v. Cigar Co., 253 Pa. 623; Kennelly v. Waropoyak, 266 Pa. 94; Lamont v. Express Co., 264 Pa. 17; Jester v. R. R., 267 Pa. 10.

*Miles R. Nason,* with him *Franklin B. Hosbach,* for appellee.—Nonsuit was properly entered: Hamill v. Boro., 49 Pa. Superior Ct. 371; Zenzil v. R. R., 257 Pa. 473; Kleckner v. R. R., 258 Pa. 461; Wolf v. Rapid Transit Co., 252 Pa. 446; Baker v. R. R., 182 Pa. 336; Murray v. Earl, 282 Pa. 517; Barton v. Transit Co., 283 Pa. 577; Burns v. Ry., 213 Pa. 143.

OPINION BY MR. JUSTICE FRAZER, June 25, 1927:

Plaintiff was employed as a laborer by a contractor engaged in the construction of a state highway near the City of Erie. Defendants were subcontractors on the improvement to deliver materials used in preparing concrete for the roadway. Steel forms had been erected in advance of the work along each side of the road, which was 18 feet in width, for the purpose of fixing the outer boundary of the mixture of stone and concrete as deposited to form the bed of the road. A concrete mixer was situated in the middle of the roadway at the foot of a hill. The forms at each side had been erected approximately two hundred feet in advance of the mixer, preventing the turning around of trucks at any point in the space between the forms; and, to unload materials at the mixer, the trucks were turned before entering between the forms and backed two hundred feet down the hill to the mixer, using the center of the space between the forms as a driveway. At the time the accident happened, one of defendants' trucks was being operated

backwards towards the mixer at a speed of ten miles an hour. The driver, while operating the machine was not occupying the driver's seat, but standing on the running-board with one foot inside the car and from this position guiding it. Plaintiff was engaged at his usual employment along the side of the roadway near the mixer; as the truck reached the place where he was working, it swerved suddenly to one side, striking and pinning him between its wheels and the steel form at the side of the road. There is evidence that no warning was given by the driver of the approaching machine, also that plaintiff was working a sufficient distance to the side of the road, to avoid the accident, had the truck not suddenly deviated from its usual course in the middle of the roadway. Plaintiff testified that while at work he kept watching for trucks but was bending over, engaged in shovelling earth, when struck and did not notice the approach of this particular car. On the foregoing facts the court below entered a nonsuit on the ground that no negligence on the part of defendant was shown, and that plaintiff was guilty of contributory negligence. On refusal of the court to take off the nonsuit, this appeal followed.

We are of opinion the questions of negligence of defendants' driver and contributory negligence of plaintiff were both for the jury. The driver was bound to look for the presence of other persons employed on the work and take such reasonable precaution as the circumstances required to avoid injuring them. While it may be conceded the truck had the superior right on the beaten track in the middle of the space between the forms, the accident did not happen in this track and would not have happened had the truck not suddenly deflected from its usual course to the side where plaintiff was at work. That in doing so it passed to a portion of the roadway beyond that usually travelled by trucks is evident from the fact that its rear wheel or wheels lodged against the steel form at the side of the road,

effectually checking its further movement. It had not reached the mixer, the unloading place, and under these circumstances, it was for the jury to say whether or not its unusual movement and the manner in which it was being operated was due to negligence on the part of the driver.

The situation of plaintiff was similar to that of persons whose duties require them to work on highways, street railway or railroad tracks. In such case the degree of care required is different from that of a traveller, whose whole attention is directed toward protecting his own safety. In Van Zandt v. Phila., B. & W. R. R., 248 Pa. 276, this court said (page 281) that what is required of the workman under such circumstances "is that he exercise care for his safety according to the circumstances. He knows he is occupying a place of great danger and his care must be commensurate with that danger. He is equally cognizant of the fact that he must perform faithfully the services required of him. Both obligations are resting upon him, and each must be met with a due regard to the other." In Craven v. Pittsburgh Rys. Co., 243 Pa. 619, plaintiff, a street cleaner, was struck by defendant's car while engaged in his duties, and in Cecola v. Cigar Co., 253 Pa. 623, plaintiff, a workman engaged on a city street, was struck by defendant's truck. In both of these cases a verdict for plaintiff was sustained.

There is present here an additional feature to those usually found in cases of this character. Plaintiff was in a position of comparative safety and not in the line of travel followed by the trucks in delivering materials to the concrete mixer. So long as the truck confined itself to the usual course in the middle of the cartway plaintiff was in no immediate danger.

The judgment is reversed with a procedendo.