Beyrent, Executor, Appellant, *v.* Kaplan.

Argued April 23, 1934.  Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*D. J. Boyle,* with him *J. J. Gallagher,* for appellant.

*Chas. E. Berger,* for appellee.

OPINION BY MR. JUSTICE DREW, May 21, 1934:

This action of trespass was brought by plaintiff to recover damages for injuries alleged to have been sustained by him when he was struck by an automobile owned by defendant and operated by her servant. At the close of plaintiff's case the trial judge entered a compulsory nonsuit, which the court in banc subsequently refused to take off. Plaintiff died after taking this appeal, and his executor was substituted as appellant.

Plaintiff testified that on the day of the accident he was employed as janitor at a public school situated at the northeast corner of Swatara Street and Broad Street in the Borough of Tamaqua, Schuylkill County. Swatara Street runs north and south and Broad Street runs east and west. As part of his duties, plaintiff acted as a traffic officer to protect the children crossing at this intersection during the opening and closing hours of school. Shortly after 3:30 p. m. on the day in question, while it was raining, he was standing in the center of this intersection, in the performance of his duties as traffic officer. He was wearing a policeman's cap and badge and had a policeman's whistle. He was facing east along Broad Street, glancing occasionally over his left shoulder northwardly along Swatara Street. While he did not remain perfectly still, he kept within a step or two of the center of the intersection. When he had been there for about twenty minutes, he was struck from behind by defendant's automobile, which, it was testified by the driver and an eyewitness, proceeded southwardly along Swatara Street and made a left turn into Broad Street. At the time he was struck he was looking to the east down Broad Street, and did not see the approaching car. The driver stated that he came to a full stop before entering the intersection, that the portion of the wind-

shield covered by the wiper was clear, and that he could see the buildings on the other side of the intersection, but said that he did not see the plaintiff until after the impact. He gave no reason or excuse for not having seen him. Plaintiff was plainly visible to the driver for at least 150 feet before he struck him. Another witness, called by plaintiff, said that she saw the accident from a window of the school building.

It is true, as defendant contends, that the mere fact that a pedestrian is struck by an automobile in a public street is not sufficient to prove negligence on the part of the driver: Wiser v. Parkway Baking Co., 289 Pa. 565; Justice v. Weymann, 306 Pa. 88; Sajatovich v. Traction Bus Co., 314 Pa. 569. Those cases, however, are not in point here. In the instant case the evidence shows where plaintiff was when he was hit, how long he had been there, and what he was doing. It warranted a finding that defendant's automobile struck plaintiff when the latter was standing in plain view and had been so standing long enough for the driver to have seen and avoided him in the exercise of reasonable care. Under such circumstances a conclusion that the driver was negligent is fully justified: King v. Brillhart, 271 Pa. 301; Maharius v. Morris & Co., 272 Pa. 587; Robb v. Quaker City Cab Co., 283 Pa. 454. Nor can we agree that plaintiff was guilty of contributory negligence as a matter of law. He was not a pedestrian with no other care than his own safety, but was at work in the street, a fact which is properly to be considered in determining whether he was negligent: Craven v. Pgh. Rys. Co., 243 Pa. 619; Cecola v. Cigar Co., 253 Pa. 623; see Peters v. Schroeder, 290 Pa. 217. Not only did he have a right to be where he was, in the center of the intersection, but it was his duty to be there to safeguard the children who were returning from school, some of whom were obliged to cross the street at this point. The school authorities deemed it necessary to station him there for that purpose. He was not, as a matter of law, required to keep a continual lookout to

the north; he was entitled to assume, or at least the jury could reasonably find that he was entitled to assume, that the drivers of vehicles approaching from that direction would observe his presence and avoid him: see Petrie v. Myers, 269 Pa. 134; Roberts v. Freihofer Baking Co., 283 Pa. 573; Riefer v. Niehl Transp. Co., 309 Pa. 251. Plaintiff's evidence warranted the submission of the case to the jury, and the court below erred in entering a compulsory nonsuit and, later, in refusing to take it off.

Judgment reversed with a procedendo.