Copertino, Appellant, *v.* Chrobak.

Argued December 1, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*A. Floyd Vosburg,* of *Vosburg & Vosburg,* with him *Earl V. McLaughlin,* for appellant.

*R. Bialkowski,* of *Bialkowski, Bialkowski & Bialkowski,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 4, 1943:

At about eleven o'clock on the morning of November 4, 1938, plaintiff, who was working with a gang of men on a W. P. A. highway project in Lackawanna County, was struck by an automobile. The highway ran in an easterly-westerly direction, and was of concrete, straight, level, and twenty feet in width with three-foot shoulders. Plaintiff was helping to dig a shallow ditch

in the shoulder to the south. Flagmen were stationed 375 feet in both directions from where the men were working. According to plaintiff's version of the accident, he stepped from the ditch about two feet onto the concrete in order to get a drink of water. He says he looked to the west, in which direction he had an unobstructed view of about 1200 feet, but saw no car coming. He stooped over, with his back to the west, to dip the water from a pail which had been placed there by the water-boy, and while so engaged was struck from behind by defendant's automobile which was proceeding easter-wardly along the southerly side of the concrete at a speed variously estimated at 25 to 40 miles an hour. Defendant and his witnesses told a wholly different story. According to them, plaintiff, while fleeing from a fellow workman upon whom he had playfully thrown water and who was threatening to retaliate, ran against the rear right door of defendant's automobile as it was passing. The learned trial judge submitted the case to the jury, who returned a verdict for defendant.

The chief complaint made by plaintiff on the present appeal relates to a portion of the charge in which the jury were instructed that if they believed testimony given by plaintiff's witness Scanlon to the effect that plaintiff stepped out of the ditch when defendant's automobile was only 200 feet away, then he was bound to see it, and if he turned his back on it as he proceeded to take a drink on the highway he was guilty of contributory negligence as a matter of law,—in other words, if they believed these to be the facts they should find for defendant. This instruction was not erroneous. We are not unmindful of the cases [1] which hold that, in

1 *Craven v. Pittsburgh Railways Co.*, 243 Pa. 619, 90 A. 361; *Van Zandt v. Philadelphia, Baltimore & Washington R.R. Co.*, 248 Pa. 276, 93 A. 1010; *Cecola v. 44 Cigar Co.*, 253 Pa. 623, 98 A. 775; *Hastings v. South Shore R.R. Co.*, 272 Pa. 212, 116 A. 155; *Roberts v. Freihofer Baking Co.*, 283 Pa. 573, 129 A. 574; *Peters v. Schroeder*, 290 Pa. 217, 138 A. 755; *Riefer v. Niehl Transportation Co.*, 309 Pa. 251, 163 A. 529; *Beyrent v. Kaplan*, 315 Pa. 353, 172 A. 651.

weighing the contributory negligence of a plaintiff, a person working on the highway must be judged by a more liberal standard than an ordinary pedestrian who has no care other than his own safety; one thus occupied, with his mind necessarily intent upon his duties, cannot be required to be as vigilant and to keep as constant a watch as a mere traveler. But this rule does not apply where, at the time of the accident, the workman is at a place where his work does not require him to be, is not actually engaged upon his labors, and the circumstances are such that he is free to take precautions for his own safety.[2] It may be said in the present case, as in *Sweatman v. Pennsylvania R.R. Co.,* 264 Pa. 286, 289, 107 A. 697, 698, that ". . . the act of walking did not relieve him from the obligation of using due care while thus engaged. His mind was not so absorbed or taken up that it might be said he could not properly take care of himself." Plaintiff's place of employment was not upon the concrete highway but in the ditch alongside of it, a position of safety outside the line of vehicular traffic. If (as Scanlon testified) he temporarily ceased his work, stepped upon the concrete when defendant's automobile was only 200 feet distant and coming directly toward him at the rate of speed indicated in the testimony, he was guilty of contributory negligence when he turned his back upon it, stooped down, and gave no further heed to his safety.

Plaintiff has assigned some additional errors alleged to have occurred at the trial but they are trivial, devoid of merit, and do not require discussion.

Judgment affirmed.

---

[2] *Sweatman v. Pennsylvania R.R. Co.,* 264 Pa. 286, 107 A. 697; *Bardis v. Philadelphia & Reading Rwy. Co.,* 267 Pa. 352, 109 A. 621; *Cubitt v. New York Central R.R. Co.,* 278 Pa. 366, 123 A. 308; *Kilgallen v. Philadelphia Rapid Transit Co.,* 300 Pa. 451, 150 A. 746; *Bass v. Pennsylvania R.R. Co.,* 303 Pa. 382, 154 A. 714; *Richards v. Reading Co.,* 333 Pa. 513, 5 A.2d. 542.