Sentner *v.* Pennsylvania Railroad Company, Appellant.

Argued March 23, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Robert D. Dalzell,* of *Dalzell, McFall & Pringle,* for appellant.

*William L. Jacob,* with him *C. W. Sypniewski,* for appellee.

OPINION BY MR. JUSTICE DREW, April 22, 1943:

Plaintiff, Joseph Sentner, an employee of the American Railway Express Company, brought this action of trespass to recover damages for injuries sustained when an electric baggage truck which he was operating in the Pennsylvania Station in Pittsburgh was struck by a locomotive of defendant railroad. After judgment had

been entered on the verdict in favor of plaintiff, defendant took this appeal, assigning as error the refusal of the learned court below to grant its motion for judgment n. o. v.

Plaintiff had driven the empty baggage truck out upon the wooden platform between tracks two and three, which was used by the public in boarding and alighting from trains, and also by truck operators including the plaintiff, in loading and unloading freight from certain trains on tracks on either side of the platform. He was followed by a similar truck owned by defendant and operated by its employee Renzi. When the two men learned that the train they were to meet was an hour late, Renzi left his truck standing lengthwise in the middle of the platform and departed. The platform was track level, twelve feet wide, and extended to the nearest rail of each of the two tracks. The trucks being each about four feet wide, there was left a space of approximately four feet on either side of the Renzi truck. Plaintiff stood upon a small folding step on the end of his truck, facing in the direction he intended to go, and endeavored to drive around the other truck to return to the station building. In so doing he got his truck caught between the Renzi truck and the nearest rail of track two. He backed the truck and made a second attempt, with the same result. He testified that he then looked back and saw nothing coming along the track, and that after he had spent a minute backing up and going ahead in an effort to extricate his truck and get around the other truck, something hit him in the back, knocking him down and causing the injuries complained of. An engine had come along track two and struck plaintiff's vehicle while it had one wheel on the rail and was still in contact with the other baggage truck. No evidence of the speed of the engine was offered by plaintiff. From plaintiff's position just before he was knocked down he had a clear view along the track for at least six hundred feet if he looked, and on cross-examination

he admitted that if he had looked around he could have seen the locomotive in time to step off the truck and avoid injury. The plaintiff alleged that defendant was negligent in leaving the Renzi truck in such a position as to oblige plaintiff to subject himself to danger while attempting to pass it, and in failing to keep a proper lookout on its locomotive or sound a warning.

The negative testimony of plaintiff and his witnesses that no whistle or bell was sounded was insufficient to establish negligence on the part of defendant: *Cubitt v. New York Central R. R. Co.,* 278 Pa. 366, 368; nor would such warning, if given, have been of much, if any, assistance to him, in view of the noise of other trains moving about the station: *Sweatman v. Penna. R. R. Co.,* 264 Pa. 286, 289. But if we assume that the driver of the locomotive was negligent in failing to observe plaintiff and to stop in time to avoid hitting him, we are met with plaintiff's own admission that while he was in the path of oncoming trains he did not look around for a whole minute, and that if he had done so sooner he could have taken one step off the truck and upon the platform. He could, as easily as that, have escaped all danger. He seeks shelter, however, from the charge of contributory negligence behind the rule that one whose duties require him to be on a railroad must be judged by a more liberal standard than an ordinary pedestrian who has no care other than his own safety, relying on *Van Zandt v. Phila. B. & W. R. R. Co.,* 248 Pa. 276, and kindred cases. There an independent contractor's employee engaged in working about a railroad bridge was struck by a train which had neglected to give warning of its approach. He was held not guilty of contributory negligence as a matter of law in failing to be constantly looking out for an approaching train. There we said (p. 281): "Such a duty is entirely inconsistent with the performance of his duty toward his employer." It would prevent him from doing the work for which he was employed. Under such circumstances it would be

unreasonable to require the workman to interrupt his work at frequent intervals to look along the track, and hence he is entitled to rely for warning upon his sense of hearing. This principle is obviously inapplicable to the instant situation. Plaintiff was under no duty to drive his truck upon the railroad track; absolutely nothing prevented him from getting upon the other truck and moving it out of the way, or from having this done by some authorized person. And even after he had placed himself in the path of the oncoming engine, he was not engaged in work of such an absorbing nature that he could not divert his attention from it sufficiently often to ensure his safety. It was his duty to do so. In this connection the language of Mr. Justice KEPHART in *Bardis v. Phila. & Reading Ry.*, 267 Pa. 352, in which plaintiff who was struck by a train while shoveling coal between two tracks fifteen feet apart was denied recovery, is particularly applicable to the facts now before us (p. 354): "Plaintiff . . . could have looked and listened and could either have seen or heard the car approaching. In any event, it would have taken but the fraction of a second to have stepped out of its road; the cars were coming so slowly they stopped within four feet of the place of the accident. In thus assuming a place of danger he is presumed to know the consequences of his act. By the simple movement of his head, or the slightest attention to the circumstances surrounding him, he would have been warned to move. There can be no escape from the conclusion that he was guilty of contributory negligence . . ."

*Craven v. Pittsburgh Rys. Co.*, 243 Pa. 619, relied on by plaintiff, is not in point. Plaintiff in that case was a street cleaner and was lawfully on the city street with his push cart, where he had the same right to be as the street car which ran into him. He had looked and seen the street car four or five hundred feet away when he went upon the track and he had every reason to believe that the motorman would see him and would not run him down.

We conclude that plaintiff was guilty of contributory negligence as a matter of law in driving his truck unnecessarily upon the railroad track, and in failing to look and see the engine whose approach was clearly visible for a considerable distance.

Judgment reversed and here entered for defendant.

DISSENTING OPINION BY MR. JUSTICE HORACE STERN:

I can see no reason for holding this plaintiff guilty of contributory negligence as a matter of law. In the course of his duty as an employe of the American Railway Express Company he drove his electric baggage truck out on the platform to meet a train. Finding the train was late, he mounted his truck again in order to drive it back. He then found that another truck was standing in the middle of the platform so that to pass it he had to go slightly over the rail of the track for the small distance equal to the length of this other truck. It is suggested in the majority opinion that he could have gotten upon the other truck and moved it out of the way or could have had this done by some authorized person. But why should he have resorted to such an unusual course? And when has it ever been held negligence per se to cross a railroad track or, as here, to pass for a few feet inside one of the rails, if proper observations are first made as to approaching trains? Plaintiff had a clear view down the track for 600 feet; he looked and saw no train in sight. So he started around the parked truck and ordinarily would have been inside of the rail and outside again within but a moment of time. Unfortunately, however, his truck caught in the rail and he was obliged to maneuver in order to extricate it. During the course of that operation he looked back twice and there was still no train in sight. He continued his efforts and it took him, as he says, "about a minute" to get his truck in a position ready to go forward and to pass the standing truck, and as he was about to do this he was hit from the rear by the train.

The opinion of the court charges plaintiff with contributory negligence not only in going upon the track at all but "in failing to look and see the engine." He did look, however, before he started and twice more while engaged in attempting to free the truck, and even for a *jury* to say that he was negligent in not looking a fourth time during the interval which he vaguely estimated as "about a minute" would be, to my mind, extremely unwarranted, especially in view of the fact that he was necessarily absorbed in the task in which he was properly engaged. For a *court* to say it as a matter of law seems to me all the more indefensible.

I therefore dissent.