## Maharius et al. *v.* Morris & Co., Appellant.

*Negligence—Automobile—Street crossing—Pedestrian.*

Recovery may be had against the owner of an automobile which struck a pedestrian at a regular street crossing, where it appears that the car, suddenly and without warning, turned into the street which plaintiff was crossing and struck him when he was in plain view of the chauffeur, and when he had not gone more than ten feet in his passage across the street.

Argued January 13, 1922.   Appeal, No. 193, Jan. T., 1992, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1920, No. 5288, on verdict for plaintiff, in case of James Maharius, by his mother Perrepo Maharius and Perrepo Maharius v. Morris & Co.   Before MOSCH᾽ ZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ.   Affirmed.

Trespass for personal injuries.   Before BALDRIGE, J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for James Maharius for $2,000 and for Perrepo Maharius for $500. Defendant appealed.

*Error assigned,* inter alia, was refusal of defendant's motion for judgment n. o. v., quoting record.

*Samuel S. Herman,* with him *Harry S. Ambler, Jr.,* for appellant.

*William T. Connor,* with him *John R. K. Scott,* for appellee.

PER CURIAM, February 6, 1922:

On January 30, 1920, at 11 a. m., plaintiff, a boy of sixteen, was crossing, afoot, from the southwest to the northeast side of Ridge Avenue, at the intersection of that highway with the east side of Broad Street, using the regular crossing stones; before starting, he looked for approaching vehicles, and saw none that threatened his safety. Defendant's truck, which was being driven north on Broad Street, suddenly, without warning, turned into Ridge Avenue and struck plaintiff, when the latter was in plain view of the chauffeur and had not gone more than ten feet in his passage across the street.

The issues as to the alleged negligence of defendant and contributory negligence of plaintiff were all submitted to the jury and found in favor of the latter. Defendant has appealed, contending that it is entitled to judgment notwithstanding the verdict; with this conclusion, we cannot agree.

The judgment is affirmed.