[No. 26685. Department One. September 8, 1937.]

STANLEY W. STAATZ et al., Respondents, v. W. H. TUCKER et al., Appellants.[1]

[1]Reported in 71 P. (2d) 401.

*J. E. Stewart,* for appellants.

*W. L. Hyndman,* for respondents.

GERAGHTY, J.—The plaintiffs sued for recovery of damages sustained by the wife and for property damage to their car, sustained in an automobile collision.

Sitting without a jury, the court made the following finding of fact:

"That on the 28th day of September, 1935, at or about the hour of twelve o'clock noon, of that day, the plaintiff, Constance T. Staatz was driving the automobile of the plaintiffs along the Pleasant Glade road (which is a county road of Thurston county), in a direction towards Puget or South Bay, accompanied by Ann Felchin, a nurse maid, and three minor children of the plaintiffs; and as said plaintiff approached the intersection of said Pleasant Glade road with the new Olympia-Nisqually highway, then under construction, she reduced her speed and looked to the right and to the left, but could not see any cars, and again reduced her speed to approximately fifteen (15) miles per hour, and as her car was about to enter the intersection, almost instantly she saw the defendant's car, being operated by W. H. Tucker, approaching from her left at a high rate of speed; the plaintiff set her brakes and swung her car hard to the left, the collision occurring immediately after; the defendants automobile, after the collision, proceeded up the highway for a distance of approximately one hundred (100) feet; the plaintiffs' car was swung around and was slightly past the middle of the intersection; the defendant, W. H. Tucker, was driving his automobile carelessly and negligently and at an unlawful rate of speed at said intersection and at the time of the collision; that the defendant's negligence consisted of failing to heed the warning signs at said intersection, driving automobile at more than 25 miles per hour at said intersection, and failing to look out for and give right-of-way to the

favored driver on his right, and as a result thereof a collision occurred between the plaintiff's and defendant's automobiles; and the automobile of the plaintiffs was materially wrecked and damaged, and the said plaintiffs suffered the injuries and damages hereinafter more fully set forth, and said plaintiffs were without fault, and their said injuries and damages were brought about solely because of negligence on the part of the defendant, W. H. Tucker."

The plaintiffs were awarded judgment and the defendants appeal. (The parties hereafter will be referred to singly as appellant and respondent.)

Error is assigned upon the court's finding that the negligence of the appellant was the proximate cause of the accident, and upon the court's failure to find that the respondent was guilty of contributory negligence in not giving the appellant's automobile the right of way, and in entering the intersection at a speed in excess of fifteen miles an hour.

In a memorandum opinion announcing its conclusion, the court said:

"The status of the new road grade upon which [defendant] was driving, on a tour of inspection, is, in the judgment of the court, controlling in this case. It was graded to a width of about one hundred feet, and was being used on one side for automobile traffic by the people who lived in that community to reach their homes, and it was quite firm. There was a road crossing sign at the intersection to warn persons driving on the new road of the approach of the Pleasant Glade road. The Pleasant Glade road was graveled across the intersection of the new road bed. This new grade could not be traversed any further than the vicinity of Nisqually, where there is an abrupt drop or ending. Its uncompleted condition at the time of the collision and the limited and local traffic on the new road bed rendered it the duty of one driving thereon to watch out for persons driving across the new road. There is evidence that the plaintiff's car was being driven at a high rate of speed, although plaintiff testified that she

had slowed down to fifteen miles per hour at the time of the collision. The defendant testified that he had slowed down and was driving at a rate not to exceed thirty miles per hour at the time of the collision. The Court is of the opinion that it was not the rate at which the plaintiff was driving that was the proximate cause of the collision, but the failure of the defendant to watch out for traffic while he was driving on this new unopened road bed in the inspection of it."

The appellant testified that, for some distance before reaching the intersection, he had been driving at the rate of from 45 to 47 miles an hour, but slowed down to under 32 miles as he entered the intersection. The view of both drivers was obstructed by trees and bushes at the southwest corner of the intersection, so that the driver of neither car could see the other until practically in the intersection. The respondent's automobile was approaching on the appellant's right and had the right of way, unless the new road on which he was traveling was in fact an arterial main traveled highway. Obviously, as the court concluded, it was not. It was not put into service as a part of the highway system by the state, and such limited use as was made of it locally was more or less permissive.

There was no sign on Pleasant Glade road, used by the respondent, warning of the approach to an arterial highway, nor was there any sign challenging attention to it. There was a "cross-road" sign on the new road, on either side of the intersection, warning persons traveling in the direction that the appellant was going of the Pleasant Glade crossing. These considerations support the trial court's conclusion that the new road was not an arterial one, nor a main traveled highway, so that the proximate cause of the accident was

" . . . the failure of the defendant to watch out for traffic while he was driving on this new unopened road bed in the inspection of it."

The appellant testified that he looked to his right, as he approached the Pleasant Glade intersection, at a point where he concluded he could see farther down that road than the distance his own automobile had to travel to get out of the way of an approaching automobile traveling at a lawful rate of speed. He did not see the respondent. He then looked to his left, and before he could glance back again, the collision occurred. He admitted on cross-examination, however, that the collision occurred in "a fraction of an instant" after he had looked and failed to see the other car. The cars were simultaneously approaching the intersection, and it was the duty of the appellant to give the respondent the right of way and to so control his car that he could give effect to this provision of law. This he did not do.

The second main point raised by the appellant is the question of the respondent's contributory negligence. The respondent testified that, for some distance back of the intersection, she was traveling at a speed of 25 miles an hour. As she neared the intersection, she observed the appellant coming at a high rate of speed and immediately put on the brakes and swung her automobile sharply to the left. From this, she reasoned that she was not going over 15 miles an hour as she entered the intersection.

Several disinterested witnesses testified for the appellant, with respect to the speed of the respondent's automobile. Some of these witnesses observed the Chrysler at a point a quarter of a mile distant from the intersection; others stated that the automobile was traveling fast, but would not attempt to judge the speed.

Appellant relies principally upon the testimony of Mrs. Emmons that she observed the respondent's car as it went by, from a point about 150 feet south of the intersection to the place of collision; that the car was

traveling 45 miles an hour and did not slacken its speed prior to the actual impact. She testified that she had never driven an automobile, but had ridden in automobiles numerous times at varying speeds.

Assuming her competency to judge the speed, her testimony is attacked on the ground that it was impossible for her to follow the Chrysler from the point where she testified she first saw it to the point of collision in the intersection. By other testimony, it was shown that the witness was standing in the kitchen doorway of a house located a hundred feet back from the Pleasant Glade road and two hundred feet from the intersection; that her view of the intersection and of the Pleasant Glade road for some distance back was obstructed by an intervening house and by trees.

In explanation of the testimony regarding the speed of respondent's automobile, it was shown that the Pleasant Glade road had been graded the day of the accident and that the gravel had been rolled up on the roadbed. The noise of a car traveling over the loose gravel and the dust raised would tend to heighten the impression of speed, and all witnesses, in their testimony regarding speed, mentioned the sound made by the car and the amount of dust it raised.

The testimony of respondent's speed raised a question of fact, which the court, in the light of all the circumstances and after personally viewing the scene of the accident, resolved in her favor. We cannot say that the evidence preponderates against this finding.

The judgment is affirmed.

MILLARD, MAIN, BLAKE, and ROBINSON, JJ., concur.