Birnesser (et al., Appellant) *v.* McGath.

Argued March 26, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Harry M. Jones,* with him *A. G. Helbling, Ralph H. Behney* and *T. McKeen Chidsey,* Attorney General, for appellant.

*Thompson Bradshaw,* for appellee.

PER CURIAM, April 14, 1947:

The only question here is whether the learned court below erred in entering judgment n. o. v. for defendant.

The facts are few and simple: At the time of this accident, May 1, 1942, plaintiff, Peter A. Birnesser, was an employee of the Pennsylvania Department of Highways; his job was to work as directed upon state highways. The accident happened on the public highway, in Darlington Township, Beaver County, close to the Ohio state line. That morning, plaintiff and his foreman, in a small truck, went along the highway, for the purpose

of painting or refreshing the divisor line. Immediately before the accident, the foreman, who was driving the truck, pulled off the highway to his right and stopped. He saw a place where the divisor line was dim and he wished to have it repainted. Plaintiff got out of the truck, walked around its rear and upon the concrete highway. He looked to his right and left, then proceeded three steps toward the center of the highway, which was 22 feet wide. When about a foot or two from the divisor line, the center of the highway, he looked to his left and saw a truck approximately 800 to 1000 feet away. He then looked to his right and saw the automobile of defendant approaching approximately 200 feet away. Plaintiff, believing himself to be in no danger, then stepped over the center line of the highway and was, as he said, "astride" the divisor line. He stooped down, with one stroke of his brush freshened the devisor line, and was straightening up to go back to his truck, when defendant's car ran into him.

When plaintiff saw defendant's car 200 feet from him it was running on its right side of the road, and it had a space of 11 feet of the highway and a good berm of 8 feet, 19 feet in all, in which to pass plaintiff in safety.

Plaintiff had no intention of going upon or across the half of the highway upon which defendant was operating his car. Defendant said he was travelling at a speed of 30 miles an hour, and that in stopping his car the wheels made marks on the highway for a distance of 70 feet. He did not deny that at each end of this short highway there were warning signs informing those using the highway that men were at work upon the road.

Plaintiff and defendant were neighbors and, were well acquainted. Defendant knew plaintiff was employed by the Department of Highways and the type of work he did. He knew and recognized the state highway truck and was fully aware of the significance of its presence upon the highway. After the collision plaintiff was found lying close by the divisor line with one of his feet across that line.

That defendant was negligent is obvious. While he claims plaintiff ran out in front of his car, there was much testimony to disprove that allegation. The learned trial judge, and the court en banc, said that the testimony was ample, if believed by the jury, to convict defendant of negligence, and with this we agree.

We are certain the testimony was such that the case had to be submitted to the jury. And that the learned court erred in setting aside the verdict for plaintiff and entering judgment n. o. v. for defendant. We cannot imagine how plaintiff could be deprived of a trial by jury on the testimony in this case. The following paragraph from our opinion in *Beyrent v. Kaplan,* 315 Pa. 353, 355, 172 A. 651, is particularly pertinent here; Mr. Justice DREW, speaking for the Court there said: "It is true, as defendant contends, that the mere fact that a pedestrian is struck by an automobile in a public street is not sufficient to prove negligence on the part of the driver: Wiser v. Parkway Baking Co., 289 Pa. 565; Justice v. Weymann, 306 Pa. 88; Sajatovich v. Traction Bus Co., 314 Pa. 569. Those cases, however, are not in point here. In the instant case the evidence shows where plaintiff was when he was hit, how long he had been there, and what he was doing. It warranted a finding that defendant's automobile struck plaintiff when the latter was standing in plain view and had been so standing long enough for the driver to have seen and avoided him in the exercise of reasonable care. Under such circumstances a conclusion that the driver was negligent is fully justified: King v. Brillhart, 271 Pa. 301; Maharius v. Morris & Co., 272 Pa. 587; Robb v. Quaker City Cab Co., 283 Pa. 454. Nor can we agree that plaintiff was guilty of contributory negligence as a matter of law. He was not a pedestrian with no other care than his own safety, but was at work in the street, a fact which is properly to be considered in determining whether he was negligent: Craven v. Pgh. Rys. Co., 243 Pa. 619; Cecola v. Cigar Co., 253 Pa. 623; see Peters v.

Schroeder, 290 Pa. 217. Not only did he have a right to be where he was, in the center of the intersection, but it was his duty to be there . . . . He was not, as a matter of law, required to keep a continual lookout to the north; he was entitled to assume, or at least the jury could reasonably find that he was entitled to assume, that the drivers of vehicles approaching from that direction would observe his presence and avoid him: see Petrie v. Myers, 269 Pa. 134; Roberts v. Freihofer Baking Co., 283 Pa. 573; Riefer v. Niehl Transp. Co., 309 Pa. 251. Plaintiff's evidence warranted the submission of the case to the jury, and the court below erred in entering a compulsory nonsuit and, later, in refusing to take it off."

Judgment n. o. v. reversed and record remitted to the court below to enter judgment on the verdict.