ANDERSON, ADMINISTRATRIX, *v.* ATCHISON,
TOPEKA & SANTA FE RAILWAY CO.

No. 620.   Decided April 26, 1948.

*Clifton Hildebrand* filed a brief for petitioner.

*Frank B. Belcher* filed a brief for respondent.

PER CURIAM.

Petitioner, as administratrix, filed a complaint in a California state court under the Federal Employers' Liability Act, 45 U. S. C. § 51, to recover damages for the alleged

wrongful death of one L. C. Bristow. The trial court held that the allegations of the complaint, even if true, were totally insufficient to support a judgment for plaintiff, and entered judgment for the defendant. The State Supreme Court, two judges dissenting, affirmed on the same ground. 31 Cal. 2d 117, 187 P. 2d 729.[1]

The complaint's allegations and the inferences fairly drawn from them in summary are as follows: November 24, 1942, the deceased was a conductor on respondent's passenger train westbound from Amarillo, Texas, to Belen, New Mexico. At about 5:30 a. m., while the train was moving approximately opposite defendant's station at Gallaher, New Mexico, decedent fell from the train's rear vestibule where it was necessary for him to be in order properly to perform the duty in which he was then engaged, "checking a certain train order signal at said station" of Gallaher. Decedent's fall resulted in injuries which made it impossible for him to secure help by his own efforts. At the next station where the train stopped, St. Vrain, respondent's employees "made note of the absence of decedent," but passed by it and three other station stops, Melrose, Taiban, and Fort Sumner, without taking any steps of any kind to ascertain the whereabouts of decedent or what had happened to him. Finally, however, at Yeso, New Mexico, the regular train conductor directed respondent's employees there to wire other employees along the route the train had traversed to ascertain decedent's whereabouts. The Yeso employees "carelessly and negligently" failed to transmit any message "for an unnecessarily long period of time," and

---

[1] The sufficiency of the complaint to state a cause of action was raised under California procedure by an objection of respondent to hearing evidence. Such a procedure, the State Supreme Court held, is in the nature of a general demurrer under which allegations of the complaint are deemed true.

when the message was finally received by other of respondent's employees at Clovis, New Mexico, they "carelessly and negligently failed to institute and pursue a search for decedent within a reasonable period of time." When search was ultimately made decedent was found lying alongside the track adjacent to the point where he had fallen while performing his duties on the rear vestibule opposite the station at Gallaher. Three days later decedent died, due to exposure to the very cold weather from the time he fell until he was finally rescued.

It thus appears that we have a complaint which charges that a conductor disappears from a moving train in bitter cold weather at a time when his duty requires him to be on the rear vestibule, his absence is discovered, and efforts of any kind to ascertain and save him from his probable peril are not promptly made by other train employees, the only persons likely to know of his disappearance and the probable dangers incident to it. We are unable to agree that had petitioner been permitted to introduce all evidence relevant under her allegations, the facts would have revealed a situation as to which a jury under appropriate instructions could not have found that decedent's exposure and consequent death were due "in whole or in part" to failure of respondent's agents to do what "a reasonable and prudent man would ordinarily have done under the circumstances of the situation." *Tiller* v. *Atlantic Coast Line R. Co.,* 318 U. S. 54, 67. See also *Jamison* v. *Encarnacion,* 281 U. S. 635, 640, 641; *Bailey* v. *Central Vermont R. Co.,* 319 U. S. 350, 353; *Blair* v. *Baltimore & O. R. Co.,* 323 U. S. 600, 604; *Lillie* v. *Thompson,* 332 U. S. 459, 461–462.

Certiorari is granted, the judgment is reversed, and the cause is remanded to the State Supreme Court for proceedings not inconsistent with this opinion.

*Reversed.*