Bennett, Appellant, *v.* Boney.

386

Argued November 15, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*J. Thomas Hoffman,* for appellants.

*J. Roy Dickie,* with him *Dickie, Robinson & Mc-Camey,* for appellees.

Opinion by Hirt, J., January 12, 1951:

The minor-plaintiff—we shall refer to him as the plaintiff—while walking along the side of a county road was struck from the rear by a truck owned by the defendants and operated by their servant. In this action the jury found in his favor and also for his parents in amounts which reflect their damages resulting from his injury. The question here is whether judgments notwithstanding the verdicts were properly entered in favor of the defendants by the court below on its conclusion, as a matter of law, that the defendants were not chargeable with negligence.

There is no dispute as to the material facts. During the summer of 1939 the County of Allegheny undertook the construction of a two-lane concrete pavement at new grades on a public county highway known as Buttermilk Hollow Road. The section of the road under construction extended southwardly, from a point near Homestead, to its junction with Lebanon Church Road. Barriers were placed at both ends of the work which closed the highway to all except those living along the section of the road under construction. At both ends of the project the County of Allegheny also erected large signs giving notice of the new construction. Defendants had supplied a truck and a driver to a subcontractor on the work. Concrete had been laid on the east lane of the newly constructed road from its north terminus southwardly to within a short distance of Lebanon Church Road. The west lane had been brought to grade but had not been surfaced with concrete.

On July 13, 1939, the plaintiff, then age 17, entered upon the road by way of "the new construction job" seeking employment as a water boy, from the contractor on the work. He had noted what he interpreted as a "no trespassing sign" on the highway under construction at its intersection with Lebanon Church Road.

He walked northwardly along the west side of the road to a concrete mixer in operation in the east lane of the new highway. There he was informed where the employment boss might be found and he then continued to walk northwardly along the west side of the unpaved portion of the road. Plaintiff in passing, also observed the defendants' truck at the concrete mixer, headed south, with the front of the body raised. It was this truck that struck him when it backed away, after discharging its load of gravel and cement into the mixer. Plaintiff was struck from the rear without warning, at a point about 25 feet north of the mixer; he did not know what had struck him. Defendants' driver did not have notice that the plaintiff was walking on the road behind him and from his seat on the truck he could not have observed plaintiff if he had looked. He did not put himself in position to see what was behind him before backing his truck. But he did testify that while backing he held the left door of his truck open and looked back but that plaintiff was hidden from his view by the body of the truck.

When a road is closed by the State or, as in this instance, by competent municipal authority it ceases to be a highway subject, as such, to the provisions of The Vehicle Code of May 1, 1929, P.L. 905, as amended. And since the County of Allegheny closed the county road in question, for the purpose of regrading and the construction of a new concrete pavement, §3 of the Code, as amended, 75 PS §571, relating to the care to be observed by the driver of a vehicle "upon a highway", has no application here.

Plaintiff by his testimony indicated that he had observed one of the conspicuous signs and the barriers erected by the County. Although this was a public road at the time of plaintiff's injury it was closed to the public and was in the temporary possession of the

construction contractor, subject only to limited use by residents along the section of the road closed off by the barriers. The fact that the barriers were removable did not change the character of the closed road from more than a way of necessity for the few who lived along the section under construction. And plaintiff was not deceived by any act of the contractors on the work into believing otherwise. He however was not a trespasser in going on the work seeking employment. But he was on the road under construction not at any invitation of the defendants or the general contractor nor on their business, but on a matter of his own concern. In so doing therefore his status was that of a licensee on the premises by no more than the implied consent of the defendants. The defendants' obligation to him as such is thus stated in Restatement, Torts, §341: "A *possessor* of land is subject to liability to licensees, whether business visitors or gratuitous licensees, for bodily harm caused to them by his failure to carry on his activities with reasonable care for their safety, *unless the licensees know or from facts known to them, should know of the possessor's activities and of the risk involved therein.*" (Italics added.) It is stated in Comment (a) : "The licensee it not entitled to enter the land of another except in so far as he is privileged to do so by the possessor's consent. Therefore, the mere fact that the possessor has consented to his entry gives him no right to expect that the possessor will change the method in which he conducts his activity so as to secure the licensee's safety. If he knows of the nature of the activities conducted upon the land and the manner in which they are conducted, he has all that he is entitled to expect, that is an opportunity for an intelligent choice as to whether or not the advantage to be gained by coming on the land is sufficient to justify him in incurring the risks incident

thereto". These principles are applied in *Daugert v. Scranton Contr. Co.*, 345 Pa. 206, 26 A. 2d 298. And it may be noted that our Pennsylvania Courts have not imposed even as high degree of care toward a licensee on premises possessed by another, as that prescribed by the Restatement. Cf. *Onstott v. Allegheny County*, 338 Pa. 206, 210, 12 A. 2d 785; *Schiffer v. Sauer Co. et al.*, 238 Pa. 550, 86 A. 479. In the present case plaintiff knew the nature of the work and observed how it was being done.

It is the general rule that in determining the degree of care required of one on the highway regard must be had to the reason for his presence there, as indicated by the work in which he is engaged. The rule is generally invoked by a plaintiff in avoiding the charge of contributory negligence; e.g., *Birnesser et al. v. McGrath*, 356 Pa. 375, 377, 52 A. 2d 188. But the principle was equally available to these defendants in rebutting the charge of negligence. The character of the defendants' work on the road under construction relieved their driver from the exercise of that degree of care required in the operation of a vehicle on an open highway.

Efficiency in building a concrete road entails the continuous delivery of materials by truck to the mixer as it moves along. The movement of the trucks must be untrammeled except in essentials. The duty of the present truck driver to watch for occasional users of the closed road was not absolute; he had the right to assume that his efficient use of the roadway, in the possession of the contractor for the work of construction, would not be interrupted nor circumscribed by members of the general public. And it was necessary for defendants' driver to back his truck, after discharging its load into the mixer, to a point where the road was wide enough for him to turn his truck around for

a return to the source of supply to get another load of material for the mixer. The acts of the truck driver in the present case do not charge defendants with negligence; under the circumstances the driver was not obliged to foresee the presence of the plaintiff behind the truck.

Judgments affirmed.