## Bennett, Appellant, *v.* Boney.

Argued March 19, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

250

*Louis Vaira,* with him *J. Thomas Hoffman,* for appellants.

*J. Roy Dickie,* with him *Dickie, Robinson & McCamey,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, April 17, 1951:

The facts in this case are strikingly similar to those in *Potter Title & Trust Company v. Young,* 367 Pa. 239, 80 A. 2d 76, and are controlled by the principles there stated.

The accident here involved occurred nearly 12 years ago when the County of Allegheny was engaged in concreting a highway known as Buttermilk Hollow Road, between Homestead and Lebanon Church Road. During the progress of the work the road was barricaded at both ends with wooden horses which could be moved to permit egress and ingress for persons living along that part of the highway; there were also signs indicating that the road was under construction. At the

time of the accident the concrete had been laid on the eastern half of the highway from Homestead south to within a short distance of Lebanon Church Road, at which latter point the concrete mixer was in operation; no concrete had been poured as yet on the western half of the road.

The minor plaintiff, then aged 17, entered the road at Lebanon Church Road seeking employment as a "water boy". He came to where the mixer was stationed, at or near which a group of persons were standing, and he inquired there for the "boss"; he was informed that the latter was somewhere on the job up toward Homestead. He saw, near the mixer, a truck which had apparently completed the dumping of its load of gravel and cement into the mixer and was standing facing south with its body tilted up and without any driver in the cab. He started to walk north on what he said was a footpath paralleling the road on the west at a distance of about 15 feet from the concreted half of the highway. He had proceeded but a short distance when he was struck in the back and run over, apparently by the truck which he had seen standing by the mixer. The ordinary course of operations was for the trucks to come south on the west half or unfinished portion of the highway and go a short distance past the mixer; they would then back up to the mixer in order to discharge their loads, and then, after first moving slightly forward, would run backwards along the west portion of the road a distance of about 250 feet from where they turned into a side road and proceeded to the plant or bins from which they had obtained their material. It was on such a backward trip that the accident occurred. The driver of the truck testified that he was looking out of the cab along the left side of the truck and in that position could not, of course, see the portion of the roadway to his right. No horn was sounded or other warning

given nor was any flagman stationed on the road to direct the traffic.

The boy's pelvic bones were fractured. Suit against the employers of the driver of the truck resulted in a verdict for plaintiffs, but the trial court entered judgment for defendants n.o.v., and, on appeal to the Superior Court, that judgment was affirmed (168 Pa. Superior Ct. 385, 77 A. 2d 694).

We are of opinion that the judgment must be reversed. The young lad seeking employment was a gratuitous licensee, and, being injured by affirmative or "active" negligence in the course of the activities conducted on the premises, plaintiffs were entitled to recover. Notwithstanding the movable barricades the minor could not have been declared guilty of contributory negligence as a matter of law in entering and walking up the road in his search for employment or in failing to anticipate that the truck which he had seen standing at the mixer would, without warning, run into him from the rear as he was walking on an apparently safe pathway along the extreme westerly portion of the highway.

Judgment reversed and now entered for plaintiffs on the verdict.