## Mandel v. Byruch et ux.

*Ernest White* and *Robert C. Kitchen*, for plaintiff.
*David F. Kaliner*, for defendants.

ALESSANDRONI, J., December 30, 1952.—Plaintiff sought to recover compensatory damages from defendants for both property damage and personal injury; defendant George Byruch counterclaimed for property damage. The case was tried by a jury which failed to reach a verdict. Thereafter, defendants moved for judgment on the whole record; plaintiff moved for judgment on the counterclaim.

Judgment can be entered on the whole record only if the evidence, viewed in the light most advantageous to the adverse party, resolving all the conflicts in his favor and giving him the benefit of every fact and

inference pertaining to the issues involved which may reasonably be deduced therefrom, would not justify a verdict and judgment in his favor: Mellott v. Tuckey, 350 Pa. 74. Points for binding instructions were presented by both plaintiff and defendants and were declined.

The causes of action arose out of a right angle collision at Tenth and Vine Streets, in Philadelphia. The collision occurred at about 8 p.m., on February 14, 1951. Plaintiff was proceeding south on Tenth Street, at about 15 miles per hour. He entered the intersection of Tenth and Vine; after he was some 8 or 10 feet into the intersection he saw defendant George Byruch's car. Helen Byruch was driving the car. His auto was struck on the left side; after the collision his car was resting against one of the traffic islands in Vine Street facing to the southwest. Vine Street was closed to westbound traffic since it was under construction. Plaintiff testified that there were barriers blocking the street to the east, at Ninth and Vine Streets. He looked to the left as he entered the intersection and did not see defendant's car.

Even though we must consider the evidence in the light most favorable to plaintiff, as we have set it forth above, defendants nevertheless argue that plaintiff was contributorily negligent as a matter of law. With this conclusion we cannot agree. The reasonableness of his actions under the circumstances was for a jury to decide. The facts prevent a finding of contributory negligence as a matter of law. The testimony to the effect that Vine Street was closed to westbound traffic is the critical fact. If it was in fact closed what was the plaintiff's obligation with regard to due care under the circumstances?

A highway is defined as a way open to the use of the public as a matter of right: The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §2. When

a highway is closed to the use of the public, what is its status? It would seem to be within the definition of a private road or driveway. A private road or driveway is every road or drive not open to the use of the public for purposes of vehicular travel: Id. One driving on a highway who arrives at an intersection of that highway and a private road or driveway does not owe the same duty of care as at an intersection of two highways: Commonwealth v. Diehl, 35 D. & C. 503. Se also Bennett v. Boney, 168 Pa. Superior Ct. 385 (reversed on other grounds in Bennett v. Boney, 367 Pa. 249). Therefore, under the circumstances the issue was a proper one for the jury; binding instructions would not have been proper.

Plaintiff has moved for judgment on defendant George Byruch's counterclaim for property damage. The crucial element here is the question of a bailment. We here apply the same test as in defendant's motion. The testimony established that defendant Helen Byruch had been shopping; she was driving her husband's car. She further testified, in aid of the bailment issue, that she was shopping for herself and her children. Viewing the testimony in the light most favorable to defendant, it does not follow that the use of the car for the above purpose was not a bailment as a matter of law. Giving defendant, George Byruch, the favorable inference here, however, does not allow that inference to rise to the point that a bailment may be declared as a matter of law.

Both parties have moved for judgment. The inadequacy of the record precludes a favorable decision on either motion. We cannot usurp the province of the jury and declare contributory negligence or a bailment as a matter of law unless the record is clear and sufficient. On the most important elements of this case the record is not sufficiently clear to allow decision as a matter of law.

## Order

And now, to wit, December 30, 1952, defendants' motion for judgment on the whole record is denied; plaintiff's motion for judgment on the whole record on the counterclaim is denied.