The WESTERN UNION TELEGRAPH
COMPANY, a corporation, and Gerry
Arledge, Plaintiffs in Error,

v.

Brunel D. FARIS, Defendant in Error.

No. 36757.

Supreme Court of Oklahoma.

Jan. 24, 1956.

Rehearing Denied Feb. 21, 1956.

Lytle, Johnston & Soule, Oklahoma City, Porta & Weaver, El Reno, for plaintiffs in error.

Butler, Rinehart & Morrison, Oklahoma City, Rinehart & Rinehart, El Reno, for defendant in error.

JOHNSON, Chief Justice.

Parties herein occupied reverse relative positions in the trial court, and hereafter they will be referred to as they there appeared.

This action was brought by Brunel D. Faris to recover damages for alleged personal injuries sustained by him when Gerry Arledge, messenger boy for the Western Union Telegraph Company, while engaged in performing his duties as such messenger, allegedly rode a bicycle across an area on Broadway in Oklahoma City (which area was under construction and closed to vehicular traffic but open to pedestrians who desired to walk across the area), and carelessly and negligently ran into plaintiff, knocking him to the pavement and fracturing his left leg and knee joint.

Defendants answered by general denial and alleged that plaintiff's injuries, if any, were due to his contributory negligence in failing to exercise due care for his own safety.

Upon these issues evidence was adduced and the cause presented to the jury, under instructions of the court. The jury rendered a verdict for the defendants.

Plaintiff's motion for a new trial was sustained, and new trial ordered, from which ruling the defendants have appealed.

For reversal defendants contend that granting a new trial to plaintiff under the record in this case predicated solely upon the giving of instructions 9 and 10 was error on a pure, simple and unmixed question of law in that the giving of said instructions over the objections of plaintiff, although error in itself, constituted harmless error as to plaintiff.

The objectionable instructions, which all parties agree were erroneous, instructed the jury concerning the Rules of the Road, 47 O.S.1951 § 121.1 et seq., which are applicable to public highways, and, of course, not applicable in the instant case.

It is elementary that it was the duty of the trial court to instruct the jury on the issues raised by the pleadings and supported by the evidence, and nothing more. Failure to do so in the absence of waiver, and over objections of protesting litigant, constitutes justification for the exercise by the trial court of its wide discretion in granting a new trial when the court is convinced that justice has not been done, or that a party to the action has not had a fair trial. Under such circumstances, we have said that it is not only the court's privilege, but its solemn duty, in the interest of justice, to grant a new trial. Alexander v. Alexander, 179 Okl. 614, 67 P.2d 33; Benedict Bros. Const. Co. v. Davoult, Okl., 266 P.2d 960.

We do not agree with the defendants' contention that the erroneous instructions referring to and incorporating the rules of the road constituted harmless error as to plaintiff. We think the plaintiff's rights were (or might have been) materially prejudiced by the giving of the erroneous instructions which presented to the jury a theory foreign to the issues before the court. Granting a new trial was within the court's discretion.

The judgment is affirmed.