## No. 18,286.

PHILIP WAYNE CURTIS *v.* EDNA E. LAWLEY.

(346 P. [2d] 579)

Decided October 26, 1959. Rehearing denied December 7, 1959.

Messrs. BANNISTER, WELLER & FRIEDRICH, Mr. JOHN R. HICKISCH, Mr. WILLIAM H. HAZLITT, for plaintiff in error.

Mr. FRANCIS P. O'NEILL, Mr. WALTER L. GERASH, for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

IN a wrongful death action Edna E. Lawley obtained a judgment in the sum of $10,000.00 against Philip Wayne Curtis. Curtis seeks a reversal of this judgment by writ of error, urging as grounds therefor that the trial court committed prejudicial error in several respects.

William Lawley, the husband of Mrs. Lawley, was employed by the Northwestern Engineering Company as a truck driver. Northwestern was building a two-lane highway in Colorado, commonly known as the Valley Highway, and that portion of the project known as the Denver-Broomfield Junction was nearing completion at the time Mr. Lawley met his death. It was in this

junction area that Mr. Lawley was working at the time of his death.

Mr. Lawley was driving on the highway under construction in a northerly direction toward the point where said unfinished highway intersected Colorado Highway No. 24. Mr. Curtis was proceeding in an easterly direction on said Highway No. 24 at the time. A collision occurred in the intersection, resulting in the death of Mr. Lawley.

At the conclusion of the evidence the trial court, over the objection of Mr. Curtis, gave instructions which treated the case as one involving intersecting public highways. These instructions quoted statutes which imposed duties upon drivers operating vehicles over public highways. And the trial court refused tendered instructions which presented the theory that the highway under construction was a private roadway laying upon a driver operating thereon certain duties when entering upon an intersecting public highway. We are thus confronted with the simple problem: Did the trial court rule rightly in the premises?

This case should not have been tried as one involving the intersection of two public highways. It should have been tried as one in which a private roadway and a public highway intersected. The applicable law follows.

A public highway is defined as:

"(a) the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel; or (b) the entire width of every way declared to be a public highway by any law of this state." C.R.S. '53, 13-1-1 (20).

A private roadway is defined as:

" * * * every road or driveway not open to the use of the public for purposes of vehicular travel." C.R.S. '53, 13-1-1 (21).

The evidence in the present case shows that the highway was under construction and not open to the

public "for purposes of vehicular travel." In fact, Northwestern tried to keep the public ("tourists and anyone that don't belong in there") off the project because it would interfere with the work of construction. The west lane, the lane over which Mr. Lawley was driving, was being used by the employees and the State Highway Department in connection with the said construction. Under these circumstances the highway under construction comes within the statutory definition of a private way.

■ It is the law that statutory rules of the road for public highways are inapplicable to private roadways. "Statutes and rules of the road are designed to govern traffic upon highways, that are prepared for use as such, for public convenience and safety; and are applicable only to permanent lines of travel." They have no application "to parts of a road under construction, where changing conditions would not permit orderly travel under established rules." *Parrish v. Smith,* 102 Colo. 250, 78 P. (2d) 629; *Parrish v. Fey,* 102 Colo. 258, 78 P. (2d) 633. Other cases holding to like effect are *Western Union Telegraph Co. v. Faris* (Okla.), 293 P. (2d) 562; *Petersen v. Jansen,* 236 Wis. 292, 295 N.W. 30; *Sills v. Forbes,* 33 Cal. App. (2d) 219, 91 P. (2d) 246.

■ The statutory requirement that one traveling on a public highway has the right of way over one entering the highway from a private road is but a reaffirmation of the rule of the road. *Staatz v. Tucker,* 191 Wash. 404, 71 P. (2d) 401. See *Castle v. Zorilla,* 8 Porto Rico Fed. Reports 491; *Neddam Lumber Co. v. Baker,* 6 La. App. 229.

Under circumstances similar to those in the instant case, and involving statutory law almost identical with the statutes of this state, it was held in the case of *Mandel v. Byruch,* 83 Pa. D. & C. 308, that:

"A highway is defined as a way open to the use of the public as a matter of right: The Vehicle Code of May 1, 1929, P.L. 905, as amended, 75 PS §2. When a highway is closed to the use of the public, what is its status?

It would seem to be within the definition of a private road or driveway. A private road or driveway is every road or drive not open to the use of the public for purposes of vehicular travel: Id. One driving on a highway who arrives at an intersection of that highway and a private road or driveway does not owe the same duty of care as at an intersection of two highways: Commonwealth v. Diehl, 35 D. & C. 503. See also Bennett v. Boney, 168 Pa. Superior Ct. 385 (reversed on other grounds in Bennett v. Boney, 367 Pa. 249). Therefore, under the circumstances the issue was a proper one for the jury; binding instructions would not have been proper."

 Notwithstanding the operator of a vehicle over a public road has the right of way over a person entering thereon from a private roadway, he must use his right in a reasonable manner; in other words, it was the duty of both parties to use due care as that term is understood at common law.

In the retrial of this cause; counsel for Mrs. Lawley should avoid some of the argument made to the jury which has been made the basis of an assignment of error. Some of this argument exceeded the bounds of propriety, but since its content will not be reviewed here, it will not be made the basis of a reversal.

Since the trial court employed law in its instructions inappropriate to this case, the judgment is reversed.

Mr. Justice Day not participating.