## Commonwealth v. Munley

Before Shughart, P. J., and Jacobs, J.

*Harold S. Irwin, Jr.*, District Attorney, for Commonwealth.

*Horace A. Johnson*, for defendant.

JACOBS, J., October 14, 1963.—Defendant in this case operated his automobile in a reckless manner on a roadway and parking lot owned by Camp Hill Shopping Center, Inc. Defendant was charged with reckless driving under section 1001 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1001. Defendant waived his right to a hearing before the justice of the peace and appealed to this court. The fact having been agreed upon, this court has been asked to determine as a matter of law whether or not defendant is guilty as charged.

Section 1001 of The Vehicle Code, 75 PS §1001, provides that: "(1) Any person who drives any vehicle or streetcar or trackless trolley omnibus upon a highway carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property" is guilty of reckless driving.

Section 102 of The Vehicle Code, 75 PS §102, defines highway to be:

"Every way or place, of whatever nature, open to the use of the public as a matter of right, for purposes of vehicular travel. The term 'highway' shall not be deemed to include a roadway or driveway upon grounds owned by private persons, colleges, universities, or other institutions."

Since defendant admits that he was driving his automobile in a reckless manner, we need only determine whether or not he was doing so upon a "highway" as the term is defined by The Vehicle Code.

We are satisfied that the roadway on the Camp Hill Shopping Center is not a highway for the purposes of The Vehicle Code. In the first place, the roadway is not open to the use of the public as a matter of right. The owners of the roadway could at any time close the roadway and keep the public off their land. In the second place, the roadway is upon grounds owned by private persons, in this case the Camp Hill Shopping Center, Inc. Such roadway is specifically excluded by the definition of "highway" in The Vehicle Code.

As pointed out by defendant in his brief, the court of Clearfield County in Commonwealth v. Goldscheiter, 57 D. & C. 490, charged the jury that in order to convict defendant of driving after her operating privileges had been suspended, the jury must find that she operated a motor vehicle on the highway, because the section of the code alleged to be violated required operation upon a highway, as does the section we are now

construing. In the Goldscheiter case, defendant drove across several private lawns.

There are two cases which we have found which hold that where a public road is closed by the State or competent municipal authority it ceases to be a highway for the purposes of The Vehicle Code: Bennett v. Boney, 168 Pa. Superior Ct. 385, reversed by the Supreme Court of Pennsylvania on other grounds, and Commonwealth v. Diehl, 35 D. & C. 503. In the Diehl case, the Commonwealth had closed a road for construction purposes, but the road was still being used to some extent by the traveling public. The State had provided a suitable detour. Diehl was charged with reckless driving on the road which had been officially closed. The Franklin County Court held that the portion of the road which had been closed was not at that time a highway, as defined by The Vehicle Code, and that, therefore, defendant could not be convicted of reckless driving. The situation passed upon in those two cases is analogous to the situation existing in our case and we believe that the reasoning of those two cases is applicable to this case.

The provisions of The Vehicle Code relating to the offense of reckless driving are penal in nature and, therefore, must be strictly construed: Commonwealth v. Anspach, 134 Pa. Superior Ct. 369; Slobig License, 1 D. & C. 2d 336. Their effect cannot be extended beyond their plain, ordinary and usual meaning, applied with common sense. Under such construction, we cannot extend the plain wording of this act to include a roadway on privately owned land within the definition of a highway.

*Order of Court*

And now, October 14, 1963, at 10:20 a.m. (E.S.T.), defendant, Joseph M. Munley, is found not guilty, and the costs are placed on the County of Cumberland.