Peatross, Appellant, *v.* Southwark Minit-Man Corp.

Argued May 5, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Avram G. Adler,* with him *Freedman, Landy and Lorry,* for appellant.

*Richard D. Harburg,* with him *Swartz, Campbell & Detweiler,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, July 1, 1964:

On February 13, 1961, appellant Asbury Peatross was employed by appellee Southwark Minit-Man Corporation in its car-wash installation. Due to an alleged "defective condition" in one of the automobiles being washed, the car lurched forward, striking and injuring Peatross. He filed a complaint in trespass against his employer which alleged: ". . . despite the defendant's knowledge, through its agents, servants, workmen and employees, that the plaintiff had sustained serious injuries, the defendant in violation of its obligations and duties under the circumstances neglected to ascertain or to keep a record of the identification of the automobile causing the injury and of its owners, operators, possessors and other persons responsible."

There followed a general allegation that appellant believes that his injuries were due to the negligence of the owners and possessors of the unidentified automobile.

The crux of appellant's action against his employer is that its failure to ascertain the license number of the vehicle or the identity of its owner or user precluded appellant from pursuing his alleged cause of action against the unknown third party. Consequently, appellant seeks from his employer those damages he believes he would have recovered had he been able to institute an action against the initial, alleged wrongdoer.

Appellee filed an answer denying the material averments of the complaint and alleging that it breached no duty or obligation owing to appellant. Appellee also pleaded "New Matter" which urged that appellant's remedy lay exclusively within the Workmen's Compensation Act. The answer was followed by a motion for judgment on the pleadings on the grounds that the complaint failed to state a cause of action

and that appellant was precluded from pursuing this action because of his receipt of benefits under the Pennsylvania Workmen's Compensation Act.

The motion was initially denied. However, after argument before the court en banc, the motion for judgment on the pleadings was granted without opinion on July 8, 1963. This appeal followed. On January 29, 1964, the court below filed its opinion revealing that its order of July 8 was based upon appellant's failure to state a cause of action.[1]

Before a party may recover for negligence, he must prove, inter alia, the existence of a duty owed to him and a breach thereof. *Stevens v. Reading Street Railway Co.,* 384 Pa. 390, 402, 121 A. 2d 128, 134 (1956); *Zayc v. John Hancock Mutual Life Insurance Co.,* 338 Pa. 426, 13 A. 2d 34 (1940). We are satisfied, as was the court below, that the instant complaint fails to allege a duty owing from appellee to appellant or any

---

[1] During the course of argument before this Court, it was suggested that the appeal had not been timely filed because it was not taken within fifteen days after the entry of judgment on the pleadings, as required by the Act of 1925, March 5, P. L. 23, §§1, 3, 12 P.S. §§672, 674, relating to appeals from determinations of jurisdiction. The order of July 8, 1963, stated no reason for the granting of the motion. It was not until the filing of the opinion on January 29, 1964, that the parties were informed of the reason for the decision below. After due consideration of the matter, we do not believe that the finding that there was no cause of action necessarily constituted a determination of the court's ultimate jurisdiction. It was first necessary to conclude whether the complaint stated a cause of action—a matter over which the court clearly had jurisdiction. Had the court decided that the complaint stated any cause of action, it would have been incumbent upon it then to determine whether there existed a cause of action independent of the provisions of the Workmen's Compensation Act. See *Frankel v. Abbotts Dairies, Inc.,* 185 F. Supp. 636 (E.D. Pa. 1960); *Dolan v. Linton's Lunch,* 397 Pa. 114, 152 A. 2d 887 (1959). Having concluded that no cause of action was stated, there was no need to determine whether appellant's remedy was within the purview of the Workmen's Compensation Act.

breach of duty. Judgment was properly entered on the pleadings.

Under ordinary circumstances, the moral duty to assist others is not a legal duty. However, as a result of the employer-employee relationship, there may rest upon the employer the duty to render assistance to an employee who has been physically injured in the course of his employment. Restatement (2d), Agency; §512-(2) (1958);[2] Prosser, Torts §38 at p. 184 (2d ed. 1955). In such a situation, the employer may be bound to do what a reasonable and prudent man would ordinarily have done under the circumstances. *Anderson v. Atchison, T. & S. F. Ry. Co.*, 333 U. S. 821, 68 S. Ct. 854, 92 L. Ed. 1108 (1948). The subject matter of the present action is not a failure to aid a physically injured employee but rather a negligent failure to assist him in advancing an expected legal action. No authority has been called to our attention, nor have we been able to find authority, which would extend the employer-employee exception to the general rule to the facts at bar. Moreover, we have been presented with no sound legal reason to extend that duty to assist as requested by appellant.

Appellant contends that Section 1217 of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 P.S. §1217, which requires the submission of an accident report to the Secretary of Revenue, created a duty to record and report the accident and the identity of the tortfeasor, which duty was here breached by appellee. With this we cannot agree. The very language of the statute, "All such reports shall be without prejudice, shall be for the information of the department, and shall not be open to public inspection," indicates that

---

[2] This section of the Restatement provides: "If a servant is hurt and thereby becomes helpless when acting within the scope of his employment and this is known to the master or to a person having duties of management, the master is subject to liability for his negligent failure or that of such person to give first aid to the servant and to care for him until he can be cared for by others."

the duty to report, if it existed under the Code in the present case, was not for the benefit of appellant. Moreover, the Code does not apply to an accident wholly on private property as it was in the present case. See *Bennett v. Boney,* 168 Pa. Superior Ct. 385, 77 A. 2d 694 (1951), rev'd on other grounds, 367 Pa. 249, 80 A. 2d 81 (1951).

But even if we were to concede that appellee had a duty to assist in appellant's alleged action against the third party, the complaint fails to state a cause of action. There is no allegation that appellee could or would have recovered against the third party, nor, apparently, could there be. Simply stated, the complaint fails to plead any damages recognizable at law. Courts cannot speculate that appellant might have recovered or that he would have recovered in a specific amount. It would be unfair to place appellant in a better position against his employer than he might have enjoyed against the original alleged wrongdoer.

The area of law analogous to the present situation is the field of tortious interference with contractual relations and the more specifically related area of interference with prospective advantage.[3] Even in this growing area of tort law, recovery is ordinarily realized only where there is an *intentional* invasion of a plaintiff's prospective interests of which a defendant has knowledge and where damages are reasonably ascertainable. Dean Prosser observes :[4] "For the most part the 'expectancies' thus protected have been those of future contractual relations, such as the prospect of obtaining employment or employees, or the opportunity of obtaining customers. In such cases there is a background of business experience on the basis of which it is possible to estimate with some fair amount of success both the value of what has been lost and the likelihood that the plaintiff would have received it if the

---

[3] Prosser, Torts, §§106, 107 (2d ed. 1955).
[4] Id. §107 at pp. 746-48.

defendant had not interfered. The loss of prospective profits is, for example, a familiar element of damages in cases of breach of contract. When the attempt has been made to carry liability for interference beyond such commercial dealings, the courts have found themselves in an unfamiliar field, and usually have refused to allow the action, and it is significant that the reason usually given is that there is no sufficient degree of certainty that the plaintiff ever would have received the anticipated benefits.

. . .

"The cause of action has run parallel to that for interference with existing contracts. Again the tort began with 'malice,' and it has remained a matter at least of intent to interfere. Cases are extremely rare in which even the claim has been advanced that the defendant through his negligence prevented the plaintiff from obtaining a prospective advantage, and apparently the only ones in which it has been successful have been those involving the failure of a telegraph company to deliver a message, as a result of which a possible contract is lost, and the rather doubtful cases of delay of an insurance company in acting on an application, which deprives the applicant of the opportunity of obtaining insurance elsewhere. . . ."[5]  (Footnotes omitted.)

Having concluded that appellant has failed to state a cause of action, we must affirm the court below.[6]

---

[5] This Court has refused to recognize a cause of action against an insurance company for alleged negligent delay in processing an application. *Fischman v. Benefit Ass'n of Railway Employees*, 409 Pa. 364, 369, 186 A. 2d 629, 631 (1962) ; *Zayc v. John Hancock Mutual Life Insurance Co.*, 338 Pa. 426, 13 A. 2d 34 (1940).

[6] For a similar result on the issue of damages, see *Stevenson v. Economy Bank of Ambridge*, 413 Pa. 442, 197 A. 2d 721 (1964). The question of damages was treated separately from the issue of failure to state a cause of action, but, as in the instant case, recovery, if any, was dependent upon plaintiff's anticipated success in another action.

Judgment affirmed.

Mr. Justice COHEN concurs in the result.

---

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE JONES:

I am in agreement with the conclusion reached in the majority opinion on the merits of this litigation. However, perfection of the appeal was not timely made and, in my opinion, should be quashed.