**Michael O'HARA, by and through his Mother and Next Friend, Patty Ray O'Hara, Plaintiff in Error,**

**v.**

**Louise ARTHURS and Melvin Arthurs, Defendants in Error.**

**No. 40956.**

Supreme Court of Oklahoma.

Sept. 26, 1967.

Rehearing Denied Nov. 14, 1967.

Rinehart, Rinehart & Rinehart, by Jim A. Rinehart, El Reno, for plaintiff in error.

Duke Duvall, Oklahoma City, for defendants in error.

PER CURIAM.

Parties will be referred to as in the trial court or by name except that the word "defendant" will apply only to the defendant, Louise Arthurs.

On January 10, 1963, plaintiff, a boy aged nine, and two other boys were walking along Rinehart Drive in the City of El Reno on their way to school. Rinehart Drive runs generally in a north-south direction. There were no sidewalks in the area and the boys were walking three abreast along the right-hand portion of the street with plaintiff being next to the center of the roadway. Defendant lived on Neal Circle which runs generally in an east-west direction and intersects Rinehart Drive some 600 feet

south of the school grounds. Defendant was driving her five-year-old son to kindergarten and she drove easterly along Neal Circle and turned left onto Rinehart Drive. While driving on Neal Circle, defendant pulled to the left portion of the street in order to pass parked cars and as she turned onto Rinehart Drive, she was driving on the left side of the street. Defendant testified that as she turned the corner, she saw the three boys about 300 feet ahead of her; that she was going 10 to 15 miles per hour as she turned the corner; that she continued on the left side of the street to avoid children and as she approached the boys, she slowed to 8 to 10 miles per hour and went as far to the left as she could; that as she approached the three boys, two of the boys looked over their shoulders and the plaintiff then suddenly threw up his hands and made a dash toward her car; she applied her brakes immediately and at the time she applied them, she was about 20 feet from the point of impact between her car and plaintiff; that when plaintiff ran toward her car, he ran his right foot under the right front wheel of her car but that his body did not otherwise come into contact with her car; that the point of contact was about 4 feet to the left of the center line of the street; that her car traveled about 20 feet after she applied the brakes; that she put her foot on the brake lightly and that her five-year-old son was standing on the seat beside her. Defendant's evidence also showed that after she applied the brakes, her car slid a total of 9 feet 7 inches to a dead stop.

The accident occurred about a block from the school grounds and Rinehart Drive runs directly into the school grounds. Plaintiff testified that one of the boys with him said: "Look out, there is a car!" and that plaintiff heard a motor and thought the car was behind him; that the others went to the right and plaintiff went about 5 feet to the left; that he was rendered unconscious and regained consciousness on the way to the hospital; that he didn't see the car before he was hit.

Stephen Peacher, one of the boys with plaintiff, testified he did not see the car before the accident occurred; but immediately after the accident, he saw plaintiff lying beside the car and that the car had stopped about 7 inches beyond where plaintiff was lying.

Plaintiff sustained serious injury to his right foot.

Plaintiff contends that the trial court erred in instructing on the duty of a child in crossing a street.

In Instruction No. 1, the court's statement of the allegations, the court said that plaintiff alleged that he was struck " * * * as plaintiff was crossing said Rinehart Drive * * *". Plaintiff did not so allege.

Instruction No. 7, pertaining to applicable state laws, was in part, as follows:

"No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield.

"Every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked cross walk at an intersection shall yield the right of way to all vehicles upon the roadway."

Instruction No. 14 was as follows:

"You are further instructed that as one of their defenses the defendants contend that the plaintiff was guilty of contributory negligence.

"As that term is used in these instructions and as it has application to a case where a child is plaintiff, 'contributory negligence' means any act or omission on the part of the child which amounts to want of ordinary care and which combining and concurring with the negligent acts of the defendant Louise Arthurs operated as a proximate contributing cause of the accident and injuries complained of.

"You are further instructed that it was the duty of the plaintiff to exercise ordinary care for his own safety in

*crossing or attempting to cross the street.* (Emphasis supplied.)

"By 'ordinary care' as applied to a child, is meant that degree of care and caution which would usually and ordinarily be exercised by a child of the age of nine years, under the same or similar circumstances. The conduct of a child nine years of age is not necessarily to be judged by the same rule which would apply to an adult. The degree of care and caution required of a child is according to and commensurate with his age and mental capacity and his power to exercise such degree of care as a child of his age may be fairly presumed capable of exercising.

"Insofar as a child of the age of the plaintiff might be presumed to do so, it was his duty to take into consideration the fact *that he was attempting to cross a public street* upon which vehicular traffic could ordinarily be expected, and in crossing the street to exercise ordinary care for his own safety and to watch out for traffic proceeding along the street. (Emphasis supplied.)

"It was his duty to take into consideration all the circumstances and conditions surrounding the place of the accident, and the possibility of injury which might result *from crossing or attempting to cross the street* at the time and place in question. (Emphasis supplied.)

"So in this case, even though you might find from the evidence that the defendant Louise Arthurs was guilty of negligence, as alleged in plaintiff's amended petition, yet, if you further find by a preponderance of the evidence that the plaintiff failed to exercise such ordinary care for his own safety and was guilty of negligence, and if you further find that such negligence, if any, either caused or operated as a proximate contributing cause of the accident and his resulting injuries and damage, if any, then and in that event, the plaintiff would not be entitled to recover in this case and it would be your duty to return a verdict for the defendants.

"The burden of proof of contributory negligence is upon the defendants, unless the plaintiff's own evidence shows that he was guilty of contributory negligence."

Plaintiff was not in the process of walking from one side of the street to the other. It is undisputed that plaintiff was walking along the street, became aware of danger and ran from the right side into the left side of the street where the accident occurred.

 This did not constitute "crossing", a street and the trial court's instructions as set forth above introduced a theory foreign to the pleadings and the evidence and constituted error prejudicial to the plaintiff. The jury should not be confused or misled by instructions not applicable to the case before them. We think it probable that in this case they were. It is the duty of the trial court to instruct on issues raised by the pleadings and supported by the evidence and nothing more. Western Union Telegraph Co. v. Faris, Okl., 293 P.2d 562.

The judgment is reversed and remanded for a new trial.

This Court acknowledges the services of W. J. IVESTER who with the aid and counsel of TAL ODEN and RYAN KERR, as Special Masters, prepared a preliminary advisory opinion. These attorneys have been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to HODGES, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.

JACKSON, C. J., IRWIN, V. C. J., and BLACKBIRD, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.